PETERS, C. J., DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.

---

GARDNER F. DANFORTH *vs.* RUEL S. CUSHING.

Penobscot.    Opinion March 17, 1875.

*Deceit.    Fraudulent representation.    Action.*

An action for deceit is not maintainable without proof of some actual loss resulting from the deceit.

A representation that the plaintiff was to have the same right in a store that a prior tenant had enjoyed, the prior tenant having occupied the store for

years under an oral letting, is simply a representation that the plaintiff was to have a tenancy at will; and the fact, that the owner ejected him after thirty days notice, gives him no right of action against the party making the representation.

ON REPORT.

Action for deceit. The opinion states the material facts.

*H. L. Mitchell*, for the plaintiff, cited: *Nowlan* v. *Cain*, 3 Allen, 261; *Watson* v. *Poulson*, 7 Eng. L. & Eq. 585; *White* v. *Merritt*, 3 Seld. 352; *Lewis* v. *Eagle Ins. Co.* 10 Gray, 512; *Sharp* v. *Mayor*, 40 Barb. 256; *Milne* v. *Norwood*, 28 Eng. L. & Eq. 373; *Weatherford* v. *Fishback*, 3 Sum. 170; *Pasley* v. *Freeman*, 3 T. R. 51; *Phillips* v. *Bush*, 15 Iowa, 64; *Randall* v. *Trim*, 37 Eng. L. & Eq. 275; *Wright* v. *Roach*, 57 Maine, 600.

*Barker, Vose and Barker*, for the defendant.

EMERY, J. The evidence put in by the plaintiff makes out a case briefly stated as follows: For years prior to April, 1881, Daniel White had been carrying on a jewelry and fancy goods business, as tenant at will only, in a store owned by Hollis Bowman. Cushing, the defendant, had a small business in the same store, as tenant under White. In March, 1881, Cushing asked Danforth, the plaintiff, to help him buy out White, telling him it was a grand good place for business, and they could make some money there. They agreed with White to buy him out at an appraisal. It was first proposed to take the business as partners, but at the time of the purchase, they made a division of the store, and the goods for a separate business. When they came to the point of the payment to White, Danforth wanted the lease of the store made certain, and proposed to go to Bowman for a lease. Cushing told him, Bowman would not give a written lease, but that he had seen Bowman and Bowman had agreed they should have the same rights there as White. White, upon being appealed to said all the occupants in the block owned by Bowman were tenants at will only, and that Bowman's word was as good as a written lease. Thereupon, Danforth relying upon Cushing's assurance, that the matter of the lease was fixed all

right, paid over his money, and took his share of the goods. Danforth understood as Cushing knew, that Cushing had spoken to Bowman in behalf of the two, and that they were to be tenants in common to Bowman. In fact, however, Cushing had only spoken for himself, and intended that Danforth should be his tenant. Cushing and Danforth took possession of their respective portions of the store about April 1. Soon trouble arose, and Danforth applied to Bowman for a lease to him, or to him and Cushing and was refused. Cushing verbally requested Danforth to leave, but Danforth refused to go. July 1, following, Cushing procured Bowman to give his father, James N. Cushing, a written lease till April 1, 1882. Proceedings were then begun in the name of James, but for the benefit of defendant, to eject Danforth which failed (76 Maine, 114). Danforth remained in the store a little over a year, when he was put out by an officer on a writ of possession in favor of Bowman, against James N. Cushing. Danforth offered to pay rent to Bowman who refused to receive it, as he looked to Cushing only. Danforth refused to pay Cushing after the first month, and has not paid any rent since. Danforth's business was broken up, and he became insolvent immediately after the ejectment. The defendant's evidence made out an entirely different case, but we have need only to consider the plaintiff's case.

The action is deceit, and the deceit mainly alleged, and relied upon is the representation by Cushing that he had arranged with Bowman for the two to have the same rights as White, to wit. those of a tenant at will, whereas he had only arranged for himself to have those rights. The representation in legal effect was as to what estate in the store, Danforth was to have.

All the estate the plaintiff would have acquired had the representation been true, was a tenancy at will, and he did obtain a tenancy at will as it was. Upon the facts, as claimed by the plaintiff, Cushing was a trustee of the estate for the plaintiff. He held the tenancy in trust for the plaintiff as well as himself. He was estopped from denying plaintiff's tenancy. *Cushing* v. *Danforth*, 76 Maine, 114. The plaintiff's estate was of the same legal value, whether he held directly of Bowman, or inter-

mediately through Cushing, trustee. The extent of that estate in either or any event, was thirty days. Had the representation been true, the plaintiff would have had no legal assurance of anything more. Bowman might have changed his mind at any time. The plaintiff, in fact, had the use of the store for a year after the first month, without paying any rent, and was finally ejected by Bowman. He certainly obtained all he could have recovered in law, had the representation been true. He therefore suffered from the misrepresentation no such loss as the law can weigh, and hence cannot maintain this action of deceit therefor. *Pasley* v. *Freeman*, 3 T. R. 51. If the after misfortunes of the plaintiff were the direct result of his ejectment by Bowman, they were very remote from the misrepresentation of Cushing, made over a year before. Bowman had a right to eject the plaintiff upon a proper process, had the representation been true. The truth or falsity of that representation did not affect Bowman's nor the plaintiff's legal rights in the store. That Cushing induced Bowman to eject the plaintiff does not save this action, which is only for the original deceit. If that ejectment was illegal, the plaintiff must resort to other remedies, and he has already sued the officer therefor. *Danforth* v. *Stratton*, 77 Maine, 200.

The business proved unprofitable, but we do not understand the plaintiff's counsel to claim that Cushing's statements, that the business could be bought at a bargain; that it was a good place for business; that money could be made there, are actionable. These were Cushing's opinions only, and Danforth could have seen White's books, the case shows, and examined for himself. *Martin* v. *Jordan*, 60 Maine, 532; *Farrell* v. *Lovett*, 68 Maine, 326.

*Plaintiff nonsuit.*

Peters, C. J., Danforth, Virgin, Foster and Haskell, JJ., concurred.