CALEDONIA WHITE, *as Administratrix of the Estate of E. H. White, deceased,* v. P. H. SMITH *et al.*

FRAUD — *Circulation of Newspaper — Action for Damages — Pleading and Proof.* To sustain a judgment for damages for fraud and deceit in the sale of a newspaper, upon the ground that its subscription list was not as large as represented, it must be alleged, and also shown, that the purchaser relied on the representation of the number of paying subscribers as an inducement to the purchase.

*Error from Shawnee District Court.*

ACTION by *White* against *Smith* and others, for an accounting of the business of the *Kansas State Tribune,* a partnership theretofore composed of E. H. White, P. H. Smith, Cyrus Corning, and A. J. R. Smith. The defendant *Smith,* in his answer or cross-petition, claimed $1,000 damages against the plaintiff on account of certain false and fraudulent representations alleged to have been made by plaintiff to defendant as to the subscription list of the *Topeka Tribune* which could be transferred to the *Kansas State Tribune,* etc., to induce the defendant to purchase an interest in the latter newspaper. Trial by a referee, who allowed the defendant $300 damages. At the June term, 1886, the district court reduced this allowance to $150, rendered judgment accordingly, and in all other respects confirmed the referee's report. The plaintiff brings the case here. The opinion states the facts.

*Jetmore & Son,* for plaintiff in error.

*Welch & Welch,* for defendant in error P. H. Smith.

Opinion by SIMPSON, C.: White was the owner of a printing office valued at $2,000. He sold one-fourth interest to P. H. Smith for $500 cash; one-fourth interest to Corning for $500 — $100 cash, and note of Corning with P. H. Smith as security for $400; sold to A. J. R. Smith one-fourth interest for $250 — $200 cash, and note for $50. P. H. Smith subsequently bought the Corning and A. J. R. Smith interests,

and assumed the payment of the balances due on them. In the course of the business Smith advanced $619.07 for the use of the firm, and White had taken out $89.02; and this was the condition of affairs at the time of the dissolution. This action is for an accounting. A receiver was appointed, and the property sold; and there is about $500 in the hands of the receiver awaiting distribution. The issues were sent to a referee, who heard the evidence and made a report, that was modified in one respect by the district court, and approved in all others. All necessary exceptions were saved, and the case is brought here for review. We think that the damages allowed by the referee and modified by the district court are not equitable under the circumstances; not justified by the evidence, and not sufficiently pleaded in the counterclaim or cross-petition. There is no evidence in this record that White made to Smith an express declaration that there were eight hundred paying subscribers; that Smith, relying on that statement as an inducement, made the purchase; but it does clearly appear that after he had been in possession of his own share a month and a day, he paid money on the contract; that he subsequently bought out two additional interests; and that no such claim was ever made until after the commencement of this suit. We shall not infer fraud; it must be well pleaded, and there must be some reasonable support to sustain such a finding. The judgment will be modified in this respect, and the one hundred and fifty dollars allowed as damages for fraud and deceit in the subscription list will be stricken out and disallowed. White is to be credited by the amounts due on the notes of Corning and A. J. R. Smith, with interest; he is to be charged with the one-fourth of the $619.07 advanced by P. H. Smith for the use of the firm, and with three-fourths of the $89.02 taken out by him. Smith is to be credited with the three-fourths of the sum advanced by him.

There were no questions made, either at the trial, before the referee, or in the district court, as to the private or individual indebtedness, or partnership indebtedness. The whole effort was directed to an equitable settlement of the whole

48 — 39 KAS.

affair, and we have considered it in that light. Counsel for plaintiff in error raise that question in their brief on the balance due Smith, and say that the individual claim of the plaintiff against the defendant is made to pay a partnership debt, but they forget that Smith advanced his money for the use of the partnership, and if the rule is invoked in favor of White it must be applied in behalf of Smith; and again, their petition sets up the facts, and asks a general equitable settlement. After the costs are paid, the difference in Smith's favor is to be first paid by the receiver, and if there is any balance remaining, three-fourths of it to be paid to Smith, and one-fourth to White; the costs of this court to be paid out of the funds in the hands of the receiver.

It is recommended that the case be remanded to the district court to be modified as suggested, and that in all other respects the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.