[No. 13286. Department One. — December 14, 1889.]

SARAH W. BAKER, RESPONDENT, *v.* C. C. BROWN, APPELLANT.

FRAUD — DECEIT WITHOUT INJURY — AGENCY — LIABILITY OF REAL ESTATE BROKER — VENDOR AND PURCHASER. — A widow purchasing land, who is not deceived to her injury, or as to the actual quality or quantity of the land purchased, but who has received full value for the money, cannot complain of misrepresentations or concealments by a real estate broker in relation to a former sale of the property, though such broker had been the agent of her deceased husband, and her general agent in purchases and sales of real estate, if he sold the land in question as a broker or middleman between the vendor and purchaser for a commission from the vendor; and a decree in an action by her against such broker, declaring the sale fraudulent and void, and ordering the defendant to pay to plaintiff the sum paid for the land, with interest, upon conveyance thereof to the defendant, cannot be supported.

ID. — AGENCY — FIDUCIARY RELATION — COMPENSATION OF REAL ESTATE BROKER. — In such case, the general agency of the real estate broker for the widow, and his prior agency for her deceased husband, does not show the existence of an agency or relation of trust and confidence as to the particular property purchased by the widow, if the broker received no compensation from her, and she knew he was acting as agent of the vendor; and it is not important that the defendant's compensation from the vendor was larger than was usually paid for such services, if plaintiff was not deceived to her injury.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Anderson, Fitzgerald &. Anderson,* for Appellant.

*Haynes & Mitchell,* for Respondent.

PATERSON, J. — B. was the owner of lot 5, and a fractional part of lot 2, block 6, of the city of Pasadena, and through the agency of the defendant sold the same to P. for the sum of one thousand eight hundred dollars. Thereafter, the defendant applied to P. to purchase said fractional portion of lot 2, but P. declined to sell any portion of the property unless he could sell the whole,

but then and there proposed to the defendant that if he would find a purchaser for lot 5 for the sum of two thousand four hundred dollars, he would give to the defendant the remaining portion of the premises, to wit, said fractional portion of lot 2. The court finds that the defendant went to the plaintiff and offered to sell her *lot 5* for the sum of two thousand four hundred dollars, informing her at the time that it was the same property he had sold for B. to P. for one thousand eight hundred dollars, but concealed from the plaintiff the fact that lot 5 did not embrace all the property he so sold to P. for said sum, and also concealed from her the personal interest he had in affecting the sale of lot 5. The court further found that " at this time, and for a long time prior thereto, the defendant occupied toward the plaintiff a position of trust and confidence; that he *had been* the agent of her husband in his lifetime, and since the latter's decease had been the general agent of the plaintiff; that she placed the utmost confidence in him, and relied upon him as a confidential friend and adviser in her business affairs; that she had made purchases and sales of real estate through him and upon his advice in Los Angeles County, and had not made any purchases or sales except through him or upon his advice in said county, and the defendant knew that the plaintiff thus relied upon him and placed confidence in him"; that in the purchase of the property plaintiff relied exclusively upon the advice of the defendant, and that she would not have made the purchase except for his advice; that she had no knowledge or information that defendant had received a deed or acquired a fractional portion of lot 2 until about a month before the commencement of this action. The court found, also, that the value of lot 5 at the time of the purchase by plaintiff was two thousand four hundred dollars, the amount paid for it; that the value of the fractional portion of lot 2 was six hundred dollars; that the usual commission allowed agents for the sale of real

estate was five per cent on the first thousand dollars, and two and a half per cent on the excess over that sum.

Judgment was entered in favor of plaintiff, adjudging and declaring that the sale of lot 5 was fraudulent and void, and ordering the defendant to pay the plaintiff the sum of two thousand four hundred dollars, with interest thereon from the 28th of November, 1887, together with costs of suit, upon the plaintiff conveying to the defendant the said lot 5.

We are not aware of any principle or authority upon which the decision can be supported. It is not pretended that the plaintiff was deceived *as to the actual quantity or quality of the land she purchased.* It nowhere appears that she knew anything about the extent of the property purchased by P. from B. It is found that the property was worth all that she paid for it. She knew she was purchasing *lot 5;* that is what was offered, and what she bought. Assuming the relation of the defendant toward the plaintiff to have been as claimed by respondent,— a position of trust in which he had concealed from her the fact that he had a personal interest in making the sale, and made certain representations which were not true in fact as to the value of the land sold, — the decree of the court is not supported by the findings. The court could not create a contract which never existed. It could not compel the defendant to accept a conveyance of property which he had never purchased. Nor could it require him to pay over money which he had never received. The court appears to have considered it a case in which it might follow the property acquired by an agent which was held in trust by him for his principal; but such is not the case here. Defendant never acquired, or attempted to acquire, the title to lot 5, and never received any portion of the two thousand four hundred dollars which the court requires him to refund. If the plaintiff can recover anything from the defendant, it is the fractional portion of lot 2, or the value

thereof (although it is unnecessary to decide the matter in this case); but we do not think that plaintiff is entitled to anything. The property she purchased was worth all she paid for it. The court attempted to find apparently that the relation of principal and agent existed between the plaintiff and defendant at the time of the purchase; that confidence was reposed in defendant by plaintiff, and by him abused. A fair construction of the finding, however, we think, fails to show such a relation of trust and confidence. The *facts* found were, that *he had been the agent of her husband in his lifetime,* and since the latter's decease *had been* the general agent of the plaintiff; that she *had made* purchases and sales of real estate through him and upon his advice in Los Angeles County, and *had not made* any purchases or sales except through him or upon his advice. The facts found do not, we think, show the existence of an agency as to this property, or any right in the plaintiff to rely upon defendant as her agent, except as a broker or middleman between the parties. Defendant received no compensation from the plaintiff. His commissions were paid by Pierce. Plaintiff knew that defendant was acting as the agent of Pierce. But as stated before, even if she had been damaged through the misrepresentations of the defendant, the relief granted would be improper.

We do not consider it as important that the defendant's compensation for making the sale was six hundred dollars, which was a larger compensation than was usually paid for such services. Pierce had a right to pay the defendant any amount he saw fit for perfecting the trade, and unless the plaintiff was deceived to her injury, we see no ground upon which she can complain.

Judgment reversed, with directions to the court below to enter judgment in favor of defendant for his costs.

WORKS, J., and FOX, J., concurred.

Hearing in Bank denied.