FRANK L. STETSON, APPELLANT, V. JAMES EDWARD
RIGGS ET UX., APPELLEES.

FILED OCTOBER 4, 1893.    No. 4921.

**Mortgages:** FORECLOSURE: FALSE REPRESENTATIONS: DEFENSE: PLEADING. To maintain an action for damages for false representation, the plaintiff must allege and prove (1) what representation was made; (2) that it was false; (3) that plaintiff believed the representation to be true, (4) relied on and acted upon it, (5) and was thereby injured.

APPEAL from the district court of Lancaster county. Heard below before HALL, J.

*Marquett, Deweese & Hall* and *A. G. Greenlee,* for appellant.

*Webster, Rose & Fisherdick, contra.*

RAGAN, C.

One Stetson conveyed two lots in Lincoln, Nebraska, to one Riggs, in exchange for a stock of drugs. One of the lots conveyed was incumbered by a mortgage of $700, previously executed by Stetson to other parties, which mortgage Riggs assumed. On the maturity of the mortgage Stetson advanced the money, took an assignment of it, and brought this suit to foreclose it. Riggs filed an answer, the substance of which is as follows: "And for further answer this defendant says that said described real estate was conveyed to the defendant by the plaintiff in a transaction of barter and exchange, as part of the consideration for the purchase of a stock of drugs and merchandise, and to induce the defendant James Edward Riggs to receive the deed for and accept said real estate for exchange of said merchandise received by the plaintiff, the plaintiff represented to the defendant that one of the pieces of real estate so deeded and pledged in the mortgage was the corner lot immediately back of the residence of J. J. Kelly, and said real estate, if it had been located as described, and as the same was in fact pointed out to this defendant by the plaintiff would have been described as lot one (1), block six (6), in Houtz' addition to the city of Lincoln; and seeing said ground as pointed out and described to this defendant, defendant was willing to accept the same in trade and barter on said stock of merchandise, and agreed so to do; but the plaintiff conveyed other and different real estate to this defendant, which was of much less value, being worth $500 less than the real estate pointed out, or the said lot had it been located as described and represented," and prayed that $500 of damages might be set off against the amount due Stetson on the mortgage. Stetson replied to this answer by a general denial. The court, by its decree, allowed Riggs the set-off of $500 as claimed, and Stetson appeals.

The appellant makes the points that the answer of

Riggs does not state facts sufficient to constitute a defense, and that the finding and decree are unsupported by the evidence. We agree with the appellant in the above contentions. The defense of Riggs was, in effect, an action against Stetson for damages for false representation made by the latter. This answer, then, to be good, must allege with reasonable certainty (a) that Stetson made some representation to Riggs, meaning he should act on it; (b) that the representation made was false; (c) that Riggs believed such representation to be true, relied and acted upon it, and was thereby damaged. (*Byard v. Holmes,* 34 N. J. Law, 296, and cases there cited.)

The answer of Riggs contains no allegation that he believed or relied upon, or acted upon, the alleged false representation of Stetson, nor can these conclusions be deduced from a reasonably liberal construction of the answer. It did not state a cause of action against Stetson (here a defense to his action), and the objection of the appellant to the introduction of any evidence under it should have been sustained. An examination of all the evidence discloses no statement by any one that Riggs believed or relied on, or acted upon, the false representation of Stetson, nor is there in the record any evidence from which such conclusions can be inferred. The decree is, then, unsupported by the evidence.

In *Taylor v. Guest,* 58 N. Y., 262, the rule is thus announced: "It is incumbent upon a party seeking to recover in an action for deceit, founded upon false representations, to show that he was influenced by them to his damage."

In *White v. Smith,* 39 Kan., 752, the rule is thus announced: "To sustain a judgment for damages for fraud and deceit in the sale of a newspaper, upon the ground that its subscription list was not as large as represented, it must be alleged and also shown, that the purchaser relied on the representation of the number of paying subscribers as an inducement to the purchase."

In *Humphrey v. Merriam*, 32 Minn., 197, it is said: "It is also necessary for the plaintiff in such an action (damages for false representations) to prove that he believed and relied on the false representations in order to entitle him to recover."

In *Clark v. Tennant*, 5 Neb., 549, this court said: "In order to avoid a sale on the ground of fraudulent representations, they must be of a matter material to the contract, and by which the purchaser was misled or deceived, and but for which the contract would not have been made."

And again in *Runge v. Brown*, 23 Neb., 817, the rule is thus announced: "In order to maintain an action for deceit, it is not only necessary to establish the telling of an untruth, knowing it to be such, but it is equally necessary that it be shown that the plaintiff had a right to rely, and did rely, upon the representations made, and that he altered his condition in consequence thereof, and suffered damages thereby."

These authorities are decisive of the case at bar. The decree appealed from must be reversed and the cause remanded, and it is so ordered.

REVERSED AND REMANDED.*

THE other commissioners concur.

---

* Upon application for rehearing, the order to remand was modified so as to direct the district court to permit defendant to file an answer setting up a breach of contract.