[No. 15784.   Department One.—December 22, 1894.]

# LONDON AND LANCASHIRE FIRE INSURANCE COMPANY, Appellant, *v.* JACOB LIEBES, Respondent.

Insurance—Proofs of Loss—Fraudulent Representation—Recovery of Money Paid—Insufficient Complaint.—A complaint in an action by an insurance company to recover back insurance money paid upon proofs of loss, alleged to have contained a false representation as to the value of the goods in the building, does not state a cause of action for relief upon the ground of fraud, if it does not negative the fact that the actual loss exceeded the amount insured and paid by the plaintiff and his assignors.

Id.—Fraud without Damages.—A recovery cannot be had for a fraudulent representation without allegation and proof of damage.

Id. — Money Had and Received — Pleading — Averment of Nonpayment.—An action for money had and received is based upon a promise, express or implied, to pay the money to the plaintiff, and the complaint must allege the failure of the defendant to pay the money, which constitutes the breach of the contract, and, failing to make such averment, is insufficient as a complaint for money had and received.

Appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Van Ness & Redman*, for Appellant.

The plaintiff was liable for a *pro rata* only of the whole loss. (Civ. Code, secs. 2641, 2642.) By agreement the policy was to be void for any false swearing before or after loss; and, under such agreement, a willfully false statement in the proofs of loss forfeited the entire policy. (*Dolloff* v. *Phœnix Ins. Co.*, 82 Me. 266; 17 Am. St. Rep. 482; *Claflin* v. *Commonwealth Ins. Co.*, 110 U. S. 81; *Sternfeld* v. *Park Fire Ins. Co.*, 50 Hun, 262; *Sleeper* v. *New Hampshire Fire Ins. Co.*, 56 N. H. 401; *Hansen* v. *American Ins. Co.*, 57 Iowa, 741; *Sibley* v. *St. Paul etc. Ins. Co.*, 9 Biss. 31.) When money has been tortiously or fraudulently received the law raises an implied contract to repay it, which may be enforced in an action for money had and received. (*Keller* v.

*Hicks*, 22 Cal. 457; 83 Am. Dec. 78, and cases cited.) Such a cause of action may be joined with other causes of action upon contracts, express or implied. (*Stewart* v. *Balderston*, 10 Kan. 131.)

*Estee & Miller*, for Respondent.

The rule is well settled that fraud without injury is not actionable. (*City of Oakland* v. *Carpentier*, 13 Cal. 540; *Board of Commrs.* v. *Younger*, 29 Cal. 147, 172; 87 Am. Dec. 164; *Kisling* v. *Shaw*, 33 Cal. 441; 91 Am. Dec. 644; *Morrison* v. *Lods*, 39 Cal. 381; *Purdy* v. *Bullard*, 41 Cal. 444; *Patterson* v. *Donner*, 48 Cal. 378; *Baker* v. *Brown*, 82 Cal. 64; *Holton* v. *Noble*, 83 Cal. 7.) A false representation as to the value of stock insured is immaterial, where the loss sustained was within the true amount. (*Royal Ins. Co.* v. *Byers*, 9 Ont. 135.) The complaint states no cause of action.

Haynes, C.—This appeal is from a judgment entered in favor of defendant, Jacob Liebes, upon his demurrer to plaintiff's complaint. Louis Liebes was not served.

The complaint alleges that the plaintiff, on January 27, 1890, issued to Liebes Brothers & Co., a firm composed of Jacob and Louis Liebes, a policy of insurance in the sum of $2,500 upon merchandise, consisting of cigars and tobacco, in a building on Davis street in the city and county of San Francisco. Other insurance was carried by the insured in some fifteen other companies, the total amount carried being $59,500.

That on November 13, 1890, a fire occurred, whereby said merchandise "was damaged and partially destroyed"; that proofs of loss, sworn to by respondent, were presented, wherein it was claimed that the loss amounted to $65,705.60.

"That in support of said claim of loss it was represented" by defendants that their stock of merchandise on hand on January 1, 1890, was of the value of $92,442.31; that between January 1st and the date of the fire they had purchased cigars and tobacco of the value

of $174,376.62, and between the same dates their sales amounted to $196,481.89, of which last-named sum $44,432.78 were profits; that plaintiff believed said statements, and, relying thereon, "did, subsequent to the presentation of said proof, and prior to the commencement of this action, pay to the defendants the sum of $2,500, being the total amount of indemnity named in its said policy of insurance."

The complaint then proceeds: "That the plaintiff is informed and believes, and therefore alleges, that each and all of said statements so made by defendants to the plaintiff in support of their said claim of loss were false and fraudulent," and made for the purpose of defrauding the plaintiff, and followed this allegation with a statement of the particulars in which it is claimed the statements were false, viz:

That the stock on hand January 1, 1890, was but $67,442.31; that of the $174,376.62 purchased, $9,447.37 had not been received by defendants, and fifty-four bales of Sumatra tobacco, of the value of $10,025.25, was, at the time of the fire, in a bonded warehouse on Broadway, leaving the value of the goods purchased and put in the store between January 1 and November 13, 1890, $154,904, and that goods of the value of $781.20 were sold and not accounted for, which should be added to the sales represented, making such sales $152,830.31.

According to these allegations the merchandise in the building at the time of the fire stands thus:

| | |
|---|---:|
| On hand Jan. 1, 1890 | $ 67,442 31 |
| Purchased before Nov. 13 | 174,376 62 |
| | $241,818 93 |
| Mdse. sold...........$152,830 31 | |
| Mdse. not received ... 9,447 37 | |
| Mdse. in bond....... 10,025 25 | |
| | $172,302 93 |
| In building Nov. 13th | $69,516 00 |

The complaint further alleged that in and by the terms of the policy it was stipulated and agreed that

the entire policy should be void in case of any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after a loss.

The fifteen other insurance companies hereinbefore mentioned assigned their several claims to the plaintiff, and these claims were set up in different counts, in each of which were alleged the same facts we have above stated.

The demurrer was: 1. That the complaint does not state facts sufficient to constitute a cause of action; 2. That the allegation as to the time of payment is uncertain; 3. That several causes of action are improperly united; and 4. The statutes of limitation.

A like demurrer was interposed to each count.

Appellant contends that the actual loss of the defendants by the fire was $20,451.78; that they received from the plaintiff and the other insurance companies $59,-500.00, or $39,048.22 more than they were entitled to.

The result is reached, argumentatively, as follows: It is alleged that the loss was not total, but partial; that the proof of loss showed the amount of the actual loss to be $65,705.60; that defendants, in their statements or representations in support of their proofs of loss, represented that the total amount of merchandise in the building at the time of the fire was $114,769.82; that deducting the alleged actual loss therefrom, viz., $65,705.60, shows the salvage to have been $49,064.22; and deducting the salvage from the amount plaintiff alleges was in the building at the time of the fire, viz., $69,516.00 leaves $20,451.78 as the amount of actual loss.

But this is mere matter of argument which assumes facts not alleged. It is alleged that the proofs of loss presented by defendants showed the actual loss to be $65,705.60, and it is nowhere alleged that that statement was not true, nor that the actual loss was less than that sum, whilst it is alleged that there was in the building at the time of the fire a larger amount, viz., $69,516.00. It is alleged that the loss was partial, but the amount or

value of the goods saved is nowhere alleged. It is alleged that, in support of the proofs of loss, it was falsely represented that the goods in the building were of the value of $114,769.82; but as it is conceded that the value of the goods in the building did exceed the amount of the actual loss claimed by defendants, and as the amount of the actual loss is not controverted either directly or by an allegation of the amount or value of the goods saved, it must be taken as conceded that the actual loss was as claimed by defendants, since it may be true that the representation as to the total value of the goods in the building was false, and yet the actual loss have been the amount claimed.

If, then, the action is to be regarded as one for fraud the complaint is insufficient, since the actual loss exceeded the amount insured and paid by the plaintiff and its assignors, and therefore they were not injured.

In *Morrison* v. *Lods*, 39 Cal. 381, it was said: "The rule is well settled that a recovery cannot be had for a false representation without proof of damage." (See, also, *Patterson* v. *Donner*, 48 Cal. 369; *Baker* v. *Brown*, 82 Cal. 64; *Holton* v. *Noble*, 83 Cal. 7.)

But it is further argued by appellant that the fraud and false representations of the defendants rendered the policy void under the provision hereinbefore stated; that hence there was no consideration for the payment to the defendants, and that it may be recovered upon that ground as money had and received; and cases are cited to the effect that, under such a policy, any willfully false statement in the proof of loss after the fire, or of some pretended losses, will completely forfeit the entire policy, even though the actual loss truly stated exceeds the entire amount of the policy.

Conceding (without deciding) the law in this regard to be as stated by the learned counsel the complaint does not state a cause of action for money had and received. Such action is based upon a promise, express or implied, to pay the money to the plaintiff, and is therefore an action upon a contract, the breach of which

is the nonpayment of the money, and no breach is alleged.

In *Frisch* v. *Caler*, 21 Cal. 71, it was said: "In an action for the breach of a contract it is necessary to allege that the contract has been broken; and there is no difference in this respect between a promissory note and other contracts. (1 Chitty on Pleading, 332.) The failure to pay constitutes the breach, and must be alleged." (See, also, *Roberts* v. *Treadwell*, 50 Cal. 520; *Scroufe* v. *Clay*, 71 Cal. 123; *Barney* v. *Vigoreaux*, 92 Cal. 631.)

As the judgment must be affirmed upon the ground already considered it is not necessary to decide other questions discussed by counsel.

I advise that the judgment be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.