(95 N. W. Rep. 518.)

---

PETER NELSON v. OLAF L. GRONDAHL.

Opinion filed June 5, 1903.

**Deceit and Injury Must Concur.**

1. Unless it is shown that injury or damages resulted or must result from the making of fraudulent representations which induced the making of a contract, such representations do not constitute a defense to such contract.

**Allegation of Fraud Not Sustained.**

2. Evidence examined, and found not sufficient to sustain the allegations of fraud as a matter of fact.

**Where There Is an Issue for the Jury, Judgment Non Obstante Will Not be Sustained.**

3. A motion for judgment notwithstanding the verdict will not be sustained in a case where there is an issue for the jury to pass upon under the evidence.

**Motion for New Trial Need Not Be United With One for Judgment Non Obstante.**

> 4. By failing to unite a motion for a new trial with a motion for judgment notwithstanding the verdict, the right thereafter to make a motion for a new trial in the usual statutory way is not waived.

Appeal from District Court, Cass County; *Charles A. Pollock,* J.

Action by Peter Nelson against Olaf L. Grondahl. Judgment for defendant, and plaintiff appeals.

Reversed.

*Turner & Lee,* for appellant.

*Benton, Lovell & Holt,* for respondent.

MORGAN, J. This action is brought by the plaintiff, as owner of a note for $250 made by one Paul Steffes to the defendant, and by him indorsed to the plaintiff. Two defenses are interposed: (1) That the indorsement and delivery of the note to the plaintiff were procured through the false and fraudulent representations of the plaintiff to the defendant; (2) that no notice of the dishonor and nonpayment of the note by the maker was ever given to the defendant. The jury found a verdict in favor of the defendant. Plaintiff moved for a new trial in due time upon a settled statement of the case. This motion was denied, and this appeal is from the order denying such motion. The errors assigned are four in number: (1) In refusing to grant a new trial; (2) in submitting to the jury the question of the dishonor of the note; (3) in submitting to the jury the question of fraud; (4) in refusing to grant plaintiff's motion for judgment notwithstanding the verdict.

It was an error to submit the question of fraud to the jury under the evidence. It is claimed by defendant that Nelson represented to him at the time of the indorsement of the note that Steffes had more money and would be willing to pay that note before it was due, providing Grondahl would let Nelson have it; he said he would go and collect it from Steffes. Such is Grondahl's testimony as to the transaction. It is claimed by the defendant that this constitutes the transaction a fraudulent one; that he made a promise during the negotiations without any intention of performing it, making it a fraudulent contract under the provisions of section 3848, Rev. Codes 1899. Every representation of a fact made by Nelson during these negotiations is shown by the evidence to be true. It is claimed that because Nelson said that he would get or collect the money from

Steffes, and did not, this constituted a fraud within the meaning of that section, as Nelson did not intend to get it from him. The record contradicts this contention. It shows that the plaintiff did try to collect it from Steffes, but failed. He would naturally be supposed to attempt its collection. There was $200 due him from Grondahl, tied up in the note, for commissions due on the sale of his land to Steffes, besides the $50 that he gave Grondahl when the note was transferred to him. This sum was paid as the difference between the face of the note and the amount coming to him from Grondahl for commissions. This $50 was tendered back to Nelson during the trial, and acceptance thereof refused. If this so-called "promise" could possibly be held to be within the statute, it is very clearly shown that it was not made without any intention of fulfilling it. No injury was occasioned to Grondahl through it in any event. When that indorsement was made it was understood and considered by the parties that Nelson had earned $200 as commissions by selling Grondahl's land. When that sum became due is a matter of conflicting evidence between them. Grondahl claims that no commissions were to be paid by him until he had been paid $500 in cash. In effect he says that the commissions were to be paid him out of the money paid by Steffes after the $500 was paid, which must all go to Grondahl; and, he never having been paid $500 in cash on the sale, no commissions ever became payable to Nelson. Conceding that such was the bargain, we cannot reach this conclusion. True, $500 in cash was never paid by Steffes. Only $350 was paid. But the evidence does not show that the payment of the whole price could not have been enforced by Grondahl had he wished to do so. In the place of doing so, he consented that Steffes should cancel the contract and receive back his notes. He surrendered all of Steffes' notes to him, and received back his contract to deed the land to Steffes. He then conveyed the land to his wife and she sold it soon after. The defendant cannot now be heard to say that he never received $500 in cash, as he received the equivalent of that sum, and made a new contract with Steffes by which Steffes was relieved from paying the notes turned back to Grondahl. In view of the fact that the commission was justly payable, it is not apparent how he is injured by having to pay the note which he turned over to Nelson as a recognition that the sum of $200 was or would be due from him as commission.

The mere fact that misrepresentations were made with intent to defraud defendant would not be sufficient and would not be ground on which alone to avoid the contract. Mere intent to defraud is not alone ground on which to base an action for fraud. Damage or injury must be shown, either accrued or to accrue. There must be a showing that the party has been placed at a disadvantage, to his damage. As said in *Alden* v. *Wright* (Minn.) 49 N. W. Rep. 767: "He must have acted on the faith of the false representations, to his damage. A party cannot sustain an action of this character where no harm has come to him. Deceit and injury must concur." The same principle is declared in the following cases: *London & L. Fire Ins. Co.* v. *Liebes,* 105 Cal. 203, 38 Pac. Rep. 691; *Marsh* v. *Cook,* 32 N. J. Eq. 262; *Bartlett* v. *Blaine,* 83 Ill. 25, 25 Am. Rep. 346; *Danforth* v. *Cushing,* 77 Me. 182; *Hale* v. *Philbrick,* 47 Iowa 217; *Stetson* v. *Riggs,* 37 Neb. 797, 56 N. W. Rep. 628; *Bodkin* v. *Merit,* 102 Ind. 293, 1 N. E. Rep. 625. See also Bigelow on Fraud, p. 541. We think that the attempt to establish the claim that the indorsement was obtained through fraudulent representations has failed entirely.

The next assignment of error is upon submitting to the jury the question whether notice of the dishonor of the note was given to Grondahl. On the part of the plaintiff there is the positive evidence of Nelson that he told Grondahl that Steffes refused to pay the note, and that he would look to him for its payment. This conversation is not specifically denied by Grondahl, nor was he asked specifically as to this conversation. He details a conversation had with Nelson, and says that he had no others with him in reference to the note. This was in effect equivalent to denying that Nelson had notified him of the dishonor of the note by Steffes. It raised an issue for the jury to pass upon on that question. This disposes of the motion for judgment notwithstanding the verdict, as that motion will never be granted under chapter 63, p. 74, Laws 1901, when there is an issue for the jury to pass upon. *Bragg* v. *R. Co.* (Minn.) 83 N. W. Rep. 511; *Richmire* v. *Andrews & Gage Elevator Co.,* 11 N. D. 453, 92 N. W. Rep. 819.

The respondent contends that the appellant is not entitled to a new trial for the reason that he did not ask for one in connection with his motion for judgment notwithstanding the verdict, made when the verdict was returned into court, and, in consequence of his failure to do so, has waived his right thereafter to move for a new trial based on a settled statement of the case. We do not think that

chapter 63, p. 74, Laws 1901, is subject to such construction. That law permits a motion for judgment notwithstanding the verdict to be made either separately or in connection with a motion for a new trial. Nothing in the law indicates that they must be joined, nor that the right to move for a new trial in the usual way is waived if a new trial was not asked in connection with the motion for judgment notwithstanding the verdict. It is true, as repeatedly held in the Minnesota cases, under a law the same as the one under consideration, that a new trial will not be granted by the Supreme Court on review of an order granting or denying a motion for judgment notwithsanding the verdict, unless such motion includes within it a motion for a new trial. It is held in such cases that, by failing to unite a motion for a new trial with the motion for judgment notwithstanding the verdict, the right to a new trial is waived. This is all that *Bragg* v. *Ry. Co.,* (Minn.) 83 N. W. Rep. 511, relied on by counsel, decides, as we understand it. In that case no motion for a new trial was made at all in the district court, and for that reason it was held that the right thereto had been waived. This is the extent of the Minnesota decision. In no case is it held that the failure of the moving party to unite a motion for a new trial with his motion for judgment deprives him of his statutory right to move thereafter for a new trial in the usual way. In this case the facts are different. A new trial is asked, based on a settled statement specifying the insufficiency of the evidence to justify the verdict, as the grounds thereof. The right to make such a motion is given by section 5473, Rev. Codes 1899, independently of any proceedings or motions under chapter 63, p. 74, Laws 1901.

For the error in submitting the question of fraud to the jury on the evidence in the record, the judgment is reversed, a new trial granted, and the cause remanded for further proceedings. All concur.