[Civ. No. 2028. Second Appellate District, Division One.—June 12, 1919.]

## H. A. STOUFFER, Respondent, v. DOROTHEA H. EYMANN et al., Appellants.

[1] BROKER'S COMMISSIONS—EXCHANGE OF PROPERTY—MISREPRESENTA-
TIONS AS TO VALUE—PROOF OF DAMAGE.—In an action by a real
estate broker to recover the commission agreed to be paid for effect-
ing an exchange of certain property of the defendants for that of
another, the defendants, in seeking to avoid liability by setting up
the defense that the plaintiff, as their agent, had been guilty of
fraud in that he had misrepresented the value of the property
which was received by them in exchange, must allege and prove
that the property received by them in exchange for their own land
was at the time of the transaction of a less market value than the
latter property.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial. Fred H. Taft, Judge. Appeal from order dis-
missed; judgment affirmed.

The facts are stated in the opinion of the court.

Andrew J. Copp, Jr., for Appellants.

Minor Moore for Respondent.

JAMES, J.—Appeal by defendants from a judgment in
favor of plaintiff and from an order denying defendants'
motion for a new trial.

The complaint stated in the ordinary form causes of
action upon two promissory notes admitted to have been
executed by the defendants and made in favor of the plain-
tiff. The notes were given as the result of an agreement
made between plaintiff and defendants, the amount repre-
sented thereby being for commissions to be paid to the
plaintiff by defendants in consideration of services ren-
dered. Plaintiff was a real estate broker and was instru-
mental in effecting an exchange of certain property of the
defendants in the county of Riverside, California, for real
property in the state of Colorado. Defendants in their an-

swer sought to avoid liability on the notes by setting up
the defense that their agent had been guilty of fraud in
that he had misrepresented the value of the Colorado prop-
erty which was received by them in exchange for the Cali-
fornia real estate.   It should be remembered, then, that this
is not an action against the other party to the exchange for
falsely representing the value of his property, but is an
action based solely upon an alleged breach of confidence
committed by an agent toward his principals.   [1]   In
such a case, it was incumbent upon the complaining prin-
cipals to allege and prove that the property received by
them in exchange for their own land was of a less market
value than was the latter property; in other words, if the
Colorado property was worth as much in the market at the
time of the alleged transaction as the Riverside property,
no damage would be shown, regardless of the fact that the
Colorado property might have been represented to be of
a value greatly in excess of its actual market worth.   The
trial judge, after permitting an amended answer to be
filed, announced that he did not consider that this amended
answer stated any defense to the causes of action pleaded
by the plaintiff on the notes, but allowed the defendants to
introduce evidence as to what representations were   actu-
ally made by the plaintiff.   This evidence having been
introduced, the court denied the defendants the right to
introduce other offered evidence not going to the point men-
tioned, and ordered judgment for the plaintiff.   The evi-
dent conclusion of the trial judge was that the facts shown
in evidence did not establish a case where the defendants
either relied upon, or were warranted in relying upon,
statements made by their agent; that the latter were, as to
the question of the value of the Colorado property, mere
opinions, and that the defendants having pursued an in-
quiry independent of that in which the plaintiff took a
part, showed that they did not rely upon his statements,
and hence the injury, if any, could not be attributed to the
plaintiff.   Upon an examination of the evidence we are
inclined to agree with the trial judge upon this proposi-
tion.   However, whether that question was correctly resolved
or not, we find exhibited in the record an insurmountable
obstacle to the defense claimed on the part of the defend-

ants.   Nowhere in the answer is there any allegation show-
ing what the market value of the Riverside property owned
by the defendants was; hence it is not made to appear by
that pleading but that the Colorado property was worth
as much, if not more, than the equity owned by the defend-
ants in the Riverside property, the latter property having
been exchanged subject to a large encumbrance by way of
trust deed.   We find in paragraph 1 of the answer, this
clause: ''That on said last-mentioned date, said real prop-
erty was of the reasonable exchange value of sixty thousand
dollars, subject to a lien of deed of trust thereon for the
principal sum of twenty thousand dollars. . . . '' This
allegation referred to the Riverside property.   It contains
no statement at all of what the market value of that
property or the equity was.   In an alleged counterclaim
set up in the answer, the defendants seek to recoup dam-
ages in the sum of $35,663, which they allege as being ''the
difference between the value of said Colorado property, as
represented, and the actual value of said property on or
about the said twenty-fourth day of January, 1914.''   In
the preliminary paragraphs of the alleged counterclaim the
allegations of the answer, including that which we have
quoted, are made a part thereof by reference.   It will be
at once discerned that there is nothing in the counterclaim,
added to the allegations of the main answer, which shows
what the value of the Riverside equity was; and the alle-
gation as to the amount of damages does not help the case
of defendants any, for, as we have stated hereinabove, if
the value of the Colorado property equaled the value of
the Riverside property, no damage would be shown for
which recovery could be had against the agent.   In point
generally on this proposition are the cases of *Baker* v.
*Brown,* 82 Cal. 64, [22 Pac. 879], *Holton* v. *Noble,* 83 Cal.
7, [23 Pac. 58], and *London etc. Fire Ins. Co.* v. *Liebes,*
105 Cal. 203, [38 Pac. 691].

For the reasons given, we conclude that the appeal is
without merit.   At the time the order denying a new trial
was made the  law did not authorize an appeal to be taken
therefrom.   (*Hirsch* v. *All Persons,* 173 Cal. 268, [159 Pac.
712].)   The questions sought to be raised thereby are all
presented on the appeal from the judgment.

The appeal from the order denying defendants' motion for a new trial is dismissed. The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.