[Civ. No. 5527. First Appellate District, Division Two.—June 22, 1926.]

## ROMEO BERETTONI, Respondent, v. A. SARGENTINI et al., Appellants.

[1] FRAUD—PURCHASE OF INTEREST IN RESTAURANT BUSINESS—DAMAGES.—In an action for damages for deceit alleged to have been practiced by defendants upon plaintiff in connection with the sale of an interest in a restaurant business, the measure of damages is the difference between the actual value of the property and its value had the property been as represented; and the plaintiff may likewise show and recover for the depreciation in the value of improvements which he may have placed upon the property.

[2] ID.—DAMAGES—VERDICT—EVIDENCE—APPEAL.—In such action, the contention of defendants that the evidence on the elements of damage was insufficient to sustain the verdict in favor of plaintiff is sustained.

---

(1) 27 C. J., p. 92, n. 60, p. 94, n. 61, p. 97, n. 13.   (2) 27 C. J., p. 38, n. 50, 51, p. 108, n. 78.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Reversed.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto for Appellants.

Young & Hudson and B. F. Rabinowitz for Respondent.

STURTEVANT, J.—Action for deceit. Judgment for plaintiff as prayed and from that judgment the defendants

---

1. See 12 Cal. Jur. 843; 12 R. C. L. 453.

have appealed, bringing up a bill of exceptions. In their brief the appellants present several points, among others are the points that the plaintiff's complaint did not state a cause of action because no damages were alleged nor the amount of the damages, and, second, that the evidence was insufficient to support the verdict because there was no evidence that the plaintiff was damaged, or, if he was damaged, the extent or amount of his damage. In view of the conclusion which we have reached we do not find it necessary to consider any other question than the sufficiency of the evidence.

Prior to the twenty-second day of June, 1922, five different persons owned the Buon Gusto Restaurant, situated at 503 Broadway, San Francisco. On the date last mentioned the prohibition authorities commenced abatement proceedings against the restaurant. Process was duly served on the owners and from time to time orders were made extending the time for the defendants to appear and plead. The last order extending time was filed on the thirty-first day of August, 1922. Thereafter, on the sixteenth day of October, 1922, the plaintiff and the defendants had a conversation regarding the purchase by the plaintiff from the defendants of their one-fourth interest in the restaurant. In the oral negotiations the plaintiff testified that the defendants represented to him that the abatement proceeding had been continued six months from the last part of September, 1922, and relying on that statement that he bought their one-fourth interest and paid down $500 on October 16, 1922, and later that he paid $2,000, the balance of the purchase price. He further testified that for $2,500 he bought a one-fourth interest in the restaurant for six months. It was stipulated by counsel that on February 20, 1923, the restaurant was locked pursuant to the decree rendered in the abatement proceedings. When the second payment was made a bill of sale was executed acknowledging the payment of the money and that bill of sale recites that the vendor had sold "all his right, title and interest in that certain restaurant known as Buon Gusto Restaurant at 503 Broadway in said city, and all tables, chairs, benches, counters, furnishings, fixtures, linens, dishes, silverware, cooking utensils, ranges, cash register, glassware, and all other personal property being at and used in connection with the carrying on of said restaurant business, together with the good will of said business, and the municipal

dance license." Much evidence was introduced regarding what conversations were had between the contracting parties, but no evidence was introduced by either party regarding the value of the tangible assets, or intangible assets, of the entire restaurant, nor of any interest therein. No evidence was introduced regarding the income derived from the restaurant business either before or after the date of the sale. In addition to the fact that the plaintiff paid $2,500 in two payments as above recited, the plaintiff testified: "My share of a bill paid Mr. Jesti for improvements in the restaurant was $75. My share for fixtures, lamps, was $31. My share of allowance on the old piano traded in was $212.50. My share of a bill for painting was $25." No other evidence was introduced that could be said to be evidence on damages. The jury returned a verdict as follows: "We, the jury in the above entitled cause find the verdict in favor of plaintiff Romeo Berettoni and against defendants A. Sargentini and A. Micheletti for the sum of $2,500 investment plus $300 paid for improvement." At the close of the case and after all of the evidence had been received and taken the defendants made a motion that the trial court direct a verdict in their favor because there was no evidence whatsoever that the plaintiff had sustained any damage. The motion was denied. In due time the defendants made a motion for a new trial based on each and all of the statutory grounds. Their motion for a new trial was denied.

The measure of damages in this kind of an action has been differently stated in two different rules. Under the first rule the injured party is given compensatory damages in such sum as will reimburse the injured party for the injury he has sustained. Where he retains the property he will be given damages amounting to the difference between the sum that the property is actually worth and the purchase price. That rule is not the one that obtains in California. [1] The rule that does obtain in California and which we will call the second rule is that the damages will be ascertained as the difference between the actual value of the property and its value had the property been as represented. In connection with this rule the plaintiff may likewise show and recover for the depreciation in the value of improvements which he may have placed upon the property. (*Hines* v. *Brode,* 168 Cal. 507, 510 [143 Pac. 729].) [2] Acting upon the request of the respondent the trial court

read to the jury an instruction which embodied the first rule. No other instruction concerning the measure of damages was given. The instruction was more favorable to the appellants than they were entitled. However, be that as it may, there was no evidence before the court from which the jury could compute what was the actual value of the estate which the plaintiff took and enjoyed. The jury were wholly unable, therefore, to apply the first rule. Although the jury was not instructed as to the elements of the second rule, there was introduced some evidence regarding the cost of improvements installed by the respondent, but there was no evidence showing depreciation in the value of those improvements either before or after the restaurant was abated, neither was there any evidence introduced by either party of the actual value of the estate bargained for, to wit, a one-fourth interest in the restaurant for a period of six months, nor was any evidence introduced by either party showing the value of a one-fourth interest in the restaurant for four months and seven days. From the face of the verdict it appears that the jury adopted an interpretation of the instructions which it had received that was at variance with each of the rules which we have stated. In arriving at what it considered compensatory relief, the jury awarded to the plaintiff the total amount of all his expenditures and did not charge him with anything of value as having been received and retained by him. Whereas, as the case was presented to the jury, there was no showing to the contrary but what the properties received by the plaintiff were worth as much or more than the plaintiff paid therefor, and that he had not been injured at all. The contention of the appellants, that the evidence on the elements of damage was insufficient, must be sustained. (*Munson* v. *Fishburn*, 183 Cal. 206, 219, 220 [190 Pac. 808]; *Stouffer* v. *Eymann*, 41 Cal. App. 556 [183 Pac. 210].)

The appellants urge that the complaint failed to state a cause of action because it did not directly allege that the plaintiff was injured and the elements of his injury. The authorities cited by the appellants are not exactly in point. This case falls within the doctrine stated in *George Cople Co.* v. *Hindes*, 34 Cal. App. 676 [170 Pac. 155].

The judgment is reversed.

Nourse, J., and Langdon, P. J., concurred.