CHARLES M. WHITE *vs*. GEORGE A. GRAY *et al*.

Penobscot. Decided December 27, 1878.

*Contract. Promissory notes. Defense. Accord and satisfaction.*

A defense based on an alleged accord and satisfaction can be sustained only when the accord has been completely executed. Neither an offer to perform, nor an actual tender of performance, is sufficient. Nothing short of actual performance—meaning thereby, performance accepted—will sustain such a defense.

The debtor's remedy, if the creditor has wrongfully refused to accept performance, is a separate action upon the agreement.

The distinction between an agreement which is, *per se*, to satisfy and extinguish an existing debt, and an agreement, the performance of which is to have that effect, must not be overlooked. The former operates as an immediate satisfaction of the debt. The latter, only when performed.

ON FACTS AGREED, stated in the opinion.

*G. T. Sewall*, for the plaintiff, submitted without argument.

*C. A. Bailey*, for the defendants.

WALTON, J. Plaintiff held a note against defendants for $800. Defendants were insolvent and were endeavoring to compound with their creditors. In consideration of which, the plaintiff agreed that, if their efforts were successful, he would take in payment of his note a lot of land, and new notes for $500, payable, one-half in one year, and one-half in two years. Defendants' efforts were successful, and they offered to settle with the plaintiff upon the terms stated in the agreement; but he refused, denying all liability under his agreement, and claiming the full amount due upon his note. No deed of the land was ever executed, nor were the notes mentioned in the agreement ever made or tendered to the plaintiff.

The question is whether these facts constitute a valid ground of defense to an action on the note. We think not.

It is settled law in this state that a defense based on an alleged accord and satisfaction can be sustained only when the accord has been completely executed. Neither an offer to perform nor an actual tender of performance is sufficient. Nothing short of actual performance—meaning thereby, performance accepted—

will sustain such a defense. The debtor's remedy, if the creditor has wrongfully refused to accept performance, is a separate action upon the agreement. *Young* v. *Jones*, 64 Maine, 563. *Bragg* v. *Pierce*, 53 Maine, 65. *Cushing* v. *Wyman*, 44 Maine, 121.

The agreement which, in the case first cited, failed as a ground of defense, was successful when made the ground of a separate action. *Mattocks* v. *Young*, 66 Maine, 459.

The distinction between an agreement which is, *per se*, to satisfy and extinguish an existing debt, and an agreement, the performance of which is to have that effect, must not be overlooked. The former operates as an immediate satisfaction of the debt. The latter, only when performed. The agreement set up as a defense in this case is clearly of the latter kind.

*Judgment for plaintiff.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.