[No. 11741. In Bank. — December 12, 1887.]

DANIEL DURKEE, APPELLANT, *v.* YNEZ COTA ET AL., RESPONDENTS.

PLEADING — AMBIGUITY — COVENANT TO FURNISH WATER RIGHT. — In an action to compel the specific performance of a covenant in a contract for the sale of land, whereby the vendors agreed to also sell "a full and abundant water right" for the land, the complaint must allege the purpose for which the water right was to be "full and abundant." If it does not, a demurrer on the ground of ambiguity should be sustained.

ID. — Where a complaint sets out a copy of the contract upon which the action is brought, and such contract is ambiguous, the pleader should put some definite construction upon it by averment.

APPEAL from a judgment of the Superior Court of San Bernardino County.

On the 18th of November, 1882, the defendants executed a contract for the sale of certain tracts of land to James and Joseph Brown, and also to sell them "a full and abundant water right for all of the above land." On the 23d of December, 1882, the Browns transferred their right under the contract to the plaintiff. On the 13th of January, 1883, the plaintiff paid the balance of the purchase-money, and on the same day the defendants made him a deed to the lands, and also to "an undivided one-eighth interest in and to the use of all the water being and flowing, and that may of right be made to flow, in that certain water ditch now used by the grantors and others for diverting water from the Santa Ana River and conducting the same to and upon said lands, and other lands adjacent thereto, for irrigating purposes, together with a like undivided one-eighth interest in and to said water ditch and right of way therefor, and right to divert water thereby from said Santa Ana River; also all rights of way for water ditches through and across any and all lands belonging to the grantors, or either of them, that are or may be reasonably necessary for conducting said water to and upon the lands herein granted."

The deed also reserved "to the grantors, and each of them, any and all water right and water privileges belonging or appurtenant to any or all of said lands" conveyed, except what the deed conveyed to the plaintiff.

The complaint charges that the defendants, "instead of stipulating for the water right, which was appurtenant to and had theretofore been used on the said premises, and as it has been described in said agreement, represented to plaintiff that there had theretofore been used on said premises only one eighth of the flow of the ditch thereon for irrigation, and that one eighth of the flow of said ditch would furnish and constitute a full and abundant water right for all the land so agreed to be sold to him; that at all times mentioned in this complaint all of two-fifths part of the flow of said ditch was necessary to the proper irrigation of said premises, and necessary to constitute a full and abundant water right therefor; that defendants are yet the owners of sufficient right in and to the use of the waters of the Santa Ana River, which, taken together with one eighth already conveyed to plaintiff, will constitute two fifths interest in the waters of the Santa Ana River flowing in said ditch; that all of said tract of land for its proper cultivation needs irrigation, and without it the same will not produce crops." Judgment was asked requiring the defendants to convey the right to use two fifths of all the waters of said river which usually flow in said water ditch. The further facts are stated in the opinion.

*Byron Waters,* and *William G. Webb,* for Appellant.

*Rowell & Rowell,* for Respondents.

HAYNE, C. — The complaint sets out a contract *in hæc verba* for the conveyance of land. This contract contains the following covenant: "We also agree to sell a full and abundant water right for all of the above land." In pursuance of this contract, the defendants conveyed the

land, and also a water right, which the plaintiff alleges was not sufficient, and which he says he was induced to accept by the fraudulent misrepresentations of defendants. A demurrer was sustained on the ground that the covenant as to the water right was too uncertain to be enforced, and final judgment was given against plaintiff on demurrer.

Whether or not the contract is so uncertain that it could not be interpreted by the aid of surrounding circumstances, to be proved by evidence, need not be determined. It is evident that the covenant is ambiguous. For what purpose was the water right to be "full and abundant"?—for any particular purpose, or for all purposes which the fancy of the plaintiff might suggest? The pleading does not enlighten us on this point. It simply sets out a copy of the contract, leaving it to speak for itself. It is obvious that the pleading must partake of whatever ambiguity there is in the contract. It is perfectly proper to set out a contract *in hæc verba.* But in such case, if the contract is uncertain, the pleader must put some definite construction on it by averment. As remarked in *Joseph* v. *Holt,* 37 Cal. 253: "The instrument which is thus adopted as a part of the complaint must show upon its face, in direct terms, and not by implication, all the facts which the pleader would have to allege under the former mode of pleading by averment."

The appellant's counsel urges in his brief that evidence would be admissible in aid of the contract. Possibly it would, and possibly also it might remove the uncertainty. But it would not cure the defects in the pleading.

The ambiguity was sufficiently pointed out by the demurrer; and we think the judgment should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.