[No. 13256.   Department Two. — February 1, 1890.]

E. R. HOLTON, RESPONDENT, *v.* GEORGE A. NOBLE
ET AL., APPELLANTS.

83    7
105   207
83    7
112   386

LANDLORD AND TENANT — LEASE — FRAUDULENT REPRESENTATIONS OF LESSOR — ACTION FOR RENT — PLEADING — COUNTERCLAIM — DAMAGES. — In an action to recover rent due upon a written lease, alleged representations of the lessor as to the amount that certain crops would produce are matter of opinion, and cannot be regarded as fraudulent.  A fraudulent representation as to the number of acres in the land is proper matter of counterclaim to reduce the stipulated rent by the amount of damage actually sustained; but if no such counterclaim is pleaded, and there is no averment of damage by reason of the representations, the alleged fraud is no defense.

FRAUD WITHOUT DAMAGE. — Fraud without damage furnishes no ground of action or defense.

ACCORD AND SATISFACTION — UNEXECUTED COMPROMISE — DISCHARGE OF OBLIGATION — PLEADING. — An answer alleging that the plaintiff agreed to take a less sum than is sued for in full payment of the claim, and to extend the time of payment by taking a note payable in six months for the reduced sum, but showing that the agreement was not performed by payment of the money, or execution of the note, discloses no defense. Unless the agreement to accept the smaller sum in discharge of the large was carried out, the obligation to pay the larger sum was not extinguished or discharged, and there was no satisfaction, though there may have been a valid accord.

APPEAL — DISMISSAL — ORDER FOR JUDGMENT ON PLEADINGS — REVIEW ON APPEAL. — An order of the superior court allowing judgment on the pleadings is not an appealable order, and an appeal therefrom will be dismissed, but such order may be reviewed on appeal from the judgment.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order allowing judgment on the pleadings.

The facts are stated in the opinion of the court.

*Grady & Austin*, for Appellants.

*Meux & Edwards*, for Respondent.

THORNTON, J. — Appeal by defendants.   This action was brought to recover rent due on a written lease executed by plaintiff to defendants for one year, commencing

January 5, 1888, and ending the 5th of January, 1889. The lease was for two years, commencing on the day above mentioned, in 1888, and ending on the fifth day of January, 1890. The stipulated rent was three thousand two hundred dollars a year for the first year, payable on the twentieth day of December, 1888, and for the second year, on the same day of December, 1889. The defendants went into possession under the lease, and occupied the premises until the twentieth day of January, 1889. The defendants filed an answer, in which they set forth that, before the lease was entered into, plaintiff made certain false representations to the defendants as to the number of acres of the land on which there was a good stand of alfalfa; that he represented that there were 180 acres in good stand of alfalfa, while in truth and in fact there were not more than eighty acres. It is further averred that plaintiff represented that the land so sown in alfalfa would produce at least eight tons of hay to the acre, while in fact said eighty acres would or did produce, with the best tillage and care, less than four tons per acre, and the balance of said 180, none; that plaintiff also represented that the forty acres of grape-vines on the land would produce at least from a ton to two tons of raisins per acre, while in fact the forty acres produced only six tons of raisins; that defendants relied on the said representations of plaintiff, and for this reason, and not otherwise, leased the land; that the only reason why they did lease this land was that they believed the statements so made by plaintiff to be true.

The alleged representations of the plaintiff as to the amount that the alfalfa and grape-vines would produce were clearly matter of opinion, and cannot be regarded as fraudulent. It may be conceded that the representation as to the number of acres in the land was a fraudulent representation, and defendants, if they had properly pleaded it as a counterclaim, might have been allowed to reduce the stipulated rent by the amount of damage

sustained. But they neither aver that they were damaged by such representations, nor do they set forth to what amount they were damaged. The alleged fraud is pleaded as a defense to the action, without any showing that defendants were damaged at all. Fraud without damage furnishes no ground for action, nor is fraud without damage a defense.

It is averred in the answer that plaintiff agreed to take two thousand four hundred dollars in full payment of the three thousand two hundred dollars rent sued for, and to extend the time of payment of the rent mentioned for the period of six months on a note. The answer shows that this agreement was never executed. The money was never paid, nor was a note executed, as alleged to have been agreed. Unless the agreement to accept the smaller sum in discharge of the larger was carried out, the obligation to pay the larger sum was never extinguished or discharged. There was no execution of the agreement or accord, and hence the original obligation remained unaffected. The accord may be binding on the parties, but it does not discharge the obligation it is made to satisfy until it is executed. Execution alone is satisfaction. The averments in the answers set forth no defense to the action in whole or in part. Hence the motion of plaintiff for judgment on the pleadings was properly granted, and the judgment must be affirmed.

The defendants also appeal from the order of the court below allowing judgment on the pleadings. This is not an appealable order, and therefore the appeal from it is dismissed. This order may, however, be reviewed on an appeal from the judgment, and this has been done, as appears above. The record shows no error, and the judgment is affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.