[L. A. No. 3841.   Department Two.—May 16, 1917.]

M. E. SMALLEY, Appellant, v. GEORGE C. PECKHAM COMPANY (a Corporation), et al., Respondents.

VENDOR AND VENDEE — FRAUDULENT REPRESENTATIONS OF VENDOR — RESCISSION — FINDINGS — APPEAL. — In an action by a vendee to rescind a contract for the purchase of land on account of the alleged fraudulent representations of the vendor, the findings in favor of the defendants will not be disturbed on appeal when the evidence is conflicting.

ID. — PLACE OF TRIAL — CROSS-COMPLAINT SEEKING FORECLOSURE OF VENDOR'S LIEN. — Such an action need not be commenced in the county where the land is situated, and if .commenced in another county, the court of the original venue may retain the action and decide the whole case by decreeing a foreclosure of the lien of the vendors set up by cross-complaint.

ID.—COSTS—DISCRETION IN AWARDING.—Such an action was in equity, and the award of costs therein was discretionary with the court.

APPEAL from a judgment of the Superior Court of Los Angeles County, from an order refusing a new trial, and from an order taxing costs. N. A. Hawkins and Charles Wellborn, Judges.

The facts are stated in the opinion of the court.

William Freeman, for Appellant.

Fred W. Morrison, for Respondents.

HENSHAW, J.—Plaintiff sued to rescind a contract into which he had entered for the purchase of several acres of land in the county of San Bernardino on the 21st of November, 1910. He served a notice and demand for rescission on January 27, 1912. The right to rescind is based upon the asserted fraudulent misrepresentations made by defendants to plaintiff to induce him, and under which he was induced, to enter into the contract of purchase. These false statements are declared to be representations that the land was of superior quality and especially adapted to the cultivation and production of orange trees and their fruit; that it was situated in the "Orange Belt" and was free from frost, and that

the climatic conditions were especially favorable for the culti-
vation and production of citrus fruits. Further, that the
purchaser of each ten acres would be entitled to one and one-
tenth of the water and water rights and pumping plant
appurtenant to the tract free of charge except for the ex-
pense of up-keep, and that the water supply was adequate to
irrigate the land properly; that defendants "prevented and
persuaded plaintiff not to make any inquiry for himself as
to the truth of said conditions of climate and water"; that
plaintiff did not read the agreement nor consult anyone about
it, but relied solely on the defendants' representations; that
after the execution of the agreement he discoverd that "said
land in quality and said water, water rights, and pumping
plant in quantity were not as represented," and he so in-
formed defendants, and plaintiff believes "that the demands
for money for water by said defendants, their officers, agents,
and employees were and are in excess of the *pro rata* expense
provided by said agreement and contrary thereto"; that
plaintiff paid in cash on account of the purchase of the land
one thousand dollars and other smaller sums amounting to
one hundred and eighty dollars, and "that the consideration
for his obligation under said agreement has failed in part and
in whole and has become entirely void through the fault of
the said defendants to the damage of the plaintiff in the sum
of $1,180." The defendants answered and for cross-com-
plaint set up the contract, plaintiff's breach of it, and sought
a decree giving plaintiff a reasonable time within which to be
relieved from his default or suffer foreclosure of all his right
and interest in and to the land. Judgment passed for de-
fendants and plaintiff appeals from the judgment, the order
denying his motion for a new trial, and also from the order
of the court taxing costs in the action.

The brief quotations which we have made from the com-
plaint will suffice to show its inartificiality as a pleading, and
respondents argue with much force, first, that no damage is
shown and that fraud without damage furnishes no ground
for action (*Holton* v. *Noble,* 83 Cal. 7, [23 Pac. 58]), and,
second, that nowhere in the pleading is it made to appear
what injurious difference the plaintiff discovered between the
land and the water right which he received and the land and
water right for which he contracted, and that, therefore, there
is an utter failure to show a difference in value, and, conse-

quently, that the averment that the consideration for the agreement ''has failed in part and in whole and has become entirely void'' is wholly unsupported by any allegation in the complaint. We need not, however, pause to discuss this for a consideration of the evidence of plaintiff, even when it is upon a material matter, is sharply in conflict with the evidence of the defense, and the findings of the court, therefore, are supported and will not here be disturbed.

The action was commenced in the county of Los Angeles. The defendants served notice that they would move for a change of venue to the county of San Bernardino upon the ground that the real property affected by the litigation was situated in that county. An affidavit of merits was filed in support of this and the motion was opposed by plaintiff and was denied. The defendant Merchants' Bank & Trust Company had brought its action in San Bernardino County against this plaintiff for the enforcement of this contract and the complaint in that action was identical with the cross-complaint filed in this. Before the court in San Bernardino County plaintiff's counsel represented that the action pending in Los Angeles County would determine all the questions involved in the San Bernardino County action and the trial of the latter action was upon this ground postponed. Appellant here seemingly complains of the action of the trial court in concurring with his view that the place of the trial of the action should not be changed from Los Angeles County. Aside from the fact that it does not lie in his mouth thus to argue, the court's ruling was sound. (*Grocers' etc. Union* v. *Kern County Land Co.,* 150 Cal. 466, 476, [89 Pac. 120].)

But if appellant's objection is that the court retained jurisdiction of the action after the filing of the cross-complaint and should not have done so, the answer is twofold, that he made no motion for a change of venue (Code Civ. Proc., sec. 396), and that it is a familiar rule of equity that when the court has once obtained jurisdiction, it will do complete justice by deciding the whole case and leaving nothing for future litigation. (*Booker* v. *Aitken,* 140 Cal. 471, 473, [74 Pac. 11].)

The defendants prevailing in the litigation, filed a cost bill. The action was in equity and the award of costs discretionary with the court. On motion of defendants it taxed the costs in the sum of $119.10 and judgment was entered accordingly.

Appellant states that his bill of exceptions specifies the points and reasons so clearly that the error of the court in so taxing the costs will plainly appear without argument or authorities, but an examination of this bill of exceptions thus unnecessarily forced upon us shows that the court in no respect erred.

The judgment and orders appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.