[L. A. No. 5151. In Bank.—September 14, 1920.]

## CARRIE SILVERS, Appellant, v. HARRY GROSSMAN, Respondent.

[1] Accord and Satisfaction—Effect of Accord.—Accord alone, by which is meant a mere agreement to accept something in extinction of an existing obligation, is insufficient as a defense to an action on the original obligation and such original obligation is not actually extinguished until there has been an acceptance of the consideration agreed upon, or, in other words, satisfaction.

[2] Id.—Pleading—Unexecuted Accord — Insufficient Defense.— Neither an offer to perform nor an actual tender of performance will sustain the defense of accord and satisfaction, and a plea which avers an unexecuted accord fails to state facts sufficient to constitute a defense.

[3] Id.—Terms of Accord—Giving of Promise.—The terms of the accord may provide either for the performance of an act or the giving of a promise as the consideration for the extinction of the existing obligation, and in the latter case, the giving and acceptance of the promise is the execution of the accord, and, therefore, if the promise *per se* is relied upon, the giving and acceptance in satisfaction of the pre-existing obligation must be averred in the pleadings.

[4] Id.—Action for Personal Injuries—Satisfaction of Claim— Pleading—Insufficiency of Special Defense.—In an action for personal injuries, a separate defense alleging an unexecuted agreement for the satisfaction of plaintiff's claim by the payment and acceptance of a specified sum of money, is insufficient in the absence of an averment of an agreement by the plaintiff to accept, in satisfaction, the defendant's promise.

[5] Id.—Copy of Agreement Attached to Answer — Omission of Averment of Acceptance not Cured.—In an action for damages for personal injuries, a written instrument attached to the answer

---

1. Essential requirements of an accord and satisfaction, note, 100 Am. St. Rep. 420.

and made a part thereof, reciting that in consideration of the *promise* of the defendant to pay fifty dollars in settlement of claim for damages the plaintiff *agrees* to give a release of all claims in his favor, is ambiguous as a matter of pleading, in not sufficiently showing an acceptance of the promise, and an allegation by way of interpretation that it was agreed that the *payment* of the fifty dollars was to be accepted as the consideration of the release makes the answer subject to general demurrer, as alleging nothing more than an unexecuted accord.

[6] PLEADING—MATTERS OF SUBSTANCE.—In general, matters of substance must be alleged in direct terms and not by way of recital or general reference.

[7] ID.—DEFECTIVE ALLEGATIONS—REFERENCE TO RECITALS—APPLICABILITY OF RULE.—The rule that defective allegations of a pleading cannot be supplied by recourse to recitals in a document attached to and made a part of the pleading, unless the document is expressly referred to for the avowed purpose of aiding the defective pleading, applies only to the pleading of recitals in instruments which do not constitute the contract upon which the action or defense is founded, or of matters of substance which are preliminary or collateral to the instrument pleaded, but in no way conflicts with the rule that a written instrument which is the foundation of a cause of action or defense may be pleaded *in haec verba*, rather than according to its legal effect, either by setting forth a copy in the body of the complaint or other pleading or by attaching a copy as an exhibit and incorporating it by proper reference.

[8] ID.—WRITTEN INSTRUMENT—RULE.—To enable the pleader to adopt the rule that a written instrument may be pleaded *in haec verba* the instrument must show upon its face in direct terms, and not by implication, all the facts which the pleader would have to allege under the mode of pleading by averment, and if the instrument is not free from defect or ambiguity in those particulars, some definite construction must be put upon it by averment or the pleading will be subject to general demurrer.

[9] ID.—CONSTRUCTION OF AMBIGUOUS INSTRUMENT—MATERIAL AVERMENT.—Where a written instrument attached to a pleading is ambiguous and the construction put upon it by the averments of the pleading is one of which the instrument is readily susceptible, such averments cannot be disregarded as surplusage, as may be done where an instrument is unambiguous and the construction is an erroneous one, and the pleader is bound by his interpretation.

[10] APPEAL—FINDINGS AND JUDGMENT—WANT OF SUPPORT BY PLEADINGS—WHEN POINT REVIEWABLE.—Where it appears from the record that objection to the sufficiency of a pleading to raise a particular issue was seasonably urged in the trial court, either at the trial upon the introduction of evidence, or by demurrer, the

point that the findings and judgment are not supported by the pleadings is available on appeal.

[11] ID.—SUFFICIENCY OF PLEADING — AIDER BY FINDINGS — DOCTRINE INAPPLICABLE.—When the sufficiency of a pleading has been questioned by demurrer, the pleading must, upon appeal on the judgment-roll, be judged by itself alone and the doctrine of aider by findings or verdict does not apply.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Reversed.

The facts are stated in the opinion of the court.

J. W. Hocker and Robert E. Austin for Appellant.

Seth B. Smith for Respondent.

LENNON, J.—Plaintiff sued to recover damages in the sum of twenty thousand dollars for injuries received in an accident alleged to have been caused by defendant's negligent operation of an automobile. Defendant made answer in which he denied negligence, pleaded contributory negligence, and, for a third and separate defense, alleged that plaintiff and her husband entered into a written agreement with defendant, through his attorney, "whereby the plaintiff and her husband agreed to receive and accept from defendant and defendant agreed to pay to plaintiff and her husband the sum of fifty ($50.00) dollars, in full satisfaction, settlement and payment of any and all claims plaintiff and her husband or either of them had or claimed to have against this defendant by reason of the collision or accident hereinbefore referred to in defendant's first and second defenses in this answer contained, . . . that by the terms of said agreement plaintiff and her husband were fully compensated by the payment to them by the defendant of the said sum of fifty dollars." The answer then alleged a tender of the said sum of fifty dollars, a refusal to accept the same on the part of plaintiff and her husband, and defendant's readiness and ability at all times to pay the said sum. A general demurrer to the third defense was overruled, and the case was thereupon tried. The court found the allegations of plaintiff's complaint to be true save and except as to the amount of damages suffered by plaintiff,

which was found to be one thousand dollars, but rendered judgment in favor of the defendant. Said judgment was based upon the finding that "prior to the beginning of this action, to wit, on the 17th day of February, 1916, as set out in defendant's amended answer under the title 'Third and Separate Defense,' the defendant gave to plaintiff his promise in writing to pay the sum of fifty dollars in full settlement of all claims for damages plaintiff held against the defendant by reason of that certain accident sued upon and set out in plaintiff's complaint herein, and that said plaintiff then and there accepted said promise in writing in full settlement and satisfaction thereof." Plaintiff appeals upon the judgment-roll, specifying as error, (1) that the demurrer to the third defense was erroneously overruled; (2) that the judgment is not supported by the pleadings.

[1] The reports are replete with authority to the effect that accord alone, by which is meant a mere agreement to accept something in extinction of an existing obligation, is insufficient as a defense to an action on the original obligation and that such original obligation is not actually extinguished until there has been an acceptance of the consideration agreed upon, or, in other words, satisfaction. (Civ. Code, secs. 1521, 1522, 1523; *Holton* v. *Noble,* 83 Cal. 7, [23 Pac. 58].) [2] Neither an offer to perform nor an actual tender of performance will sustain the defense of accord and satisfaction (*White* v. *Gray,* 68 Me. 579), and a plea which avers an unexecuted accord fails to state facts sufficient to constitute a defense. (*Holton* v. *Noble, supra.*) [3] The terms of the accord may provide either for the performance of an act or the giving of a promise as the consideration for the extinction of the existing obligation. In the latter case the giving and acceptance of the promise is the execution of the accord and, therefore, if the promise *per se* is relied upon, the giving and acceptance of the promise in satisfaction of the pre-existing obligation must be averred in the pleadings. (*White* v. *Gray, supra; Gowing* v. *Thomas,* 67 N. H. 399, [40 Atl. 184]; *Brunswick & W. Ry. Co.* v. *Clem,* 80 Ga. 534, [7 S. E. 84]; 1 C. J. 577.)

[4] The sufficiency of the third defense of the answer in the case at bar must be tested by the application of these well-established rules. The answer, as is evidenced by the excerpts therefrom which appear above, merely alleges an

unexecuted agreement for the satisfaction of plaintiff's claim by the payment and acceptance of a specified sum of money. Nowhere in the answer is there an averment that there was any agreement to accept, in satisfaction of said claim, defendant's mere promise to pay, and the reading of the context will not permit such construction.

[5] Nor was the necessary averment supplied by attaching a copy of the agreement to the answer and making it a part thereof. [6] In general, matters of substance must be alleged in direct terms, and not by way of recital or general reference, and defective allegations of a pleading cannot be supplied by recourse to recitals in a document attached to and made a part of the pleading, unless the document is expressly referred to for the avowed purpose of aiding the defective pleading. (*City of Los Angeles v.* *Signoret,* 50 Cal. 298; *Burkett* v. *Griffith,* 90 Cal. 532, [25 Am. St. Rep. 151, 13 L. R. A. 707, 27 Pac. 527]; *Hibernia Sav. & L. Soc.* v. *Thornton,* 117 Cal. 481, 483, [49 Pac. 573]; *Estate of Cook,* 137 Cal. 184, 190, [69 Pac. 968].) [7] This rule, however, applies only to the pleading of recitals in instruments which do not constitute the contract upon which the action or defense is founded, or of matters of substance which are preliminary or collateral to the instrument pleaded. It in no way conflicts with the rule that a written instrument which is the foundation of a cause of action or defense may be pleaded *in haec verba,* rather than according to its legal effect, either by setting forth a copy in the body of the complaint or other pleading or by attaching a copy as an exhibit and incorporating it by proper reference. (*Stoddard* v. *Treadwell,* 26 Cal. 294; *Lambert* v. *Haskell,* 80 Cal. 611, [22 Pac. 327]; *Ward* v. *Clay,* 82 Cal. 502, [23 Pac. 50, 227]; *Santa Rosa Bank* v. *Paxton,* 149 Cal. 195, [86 Pac. 193].) [8] "But to enable the pleader to adopt this latter mode, the instrument which is thus adopted as a part of the complaint must show *upon its face* in direct terms, and not by implication, all the facts which the pleader would have to allege under the former mode of pleading by averment" (*Joseph* v. *Holt,* 37 Cal. 250, 253), and if the instrument is not free from defect or ambiguity in those particulars, some definite construction must be put upon it by averment or the pleading will be subject to demurrer. (*Durkee* v. *Cota,* 74 Cal. 313, [16 Pac. 5]; *Lambert* v. *Has-*

*kell,* 80 Cal. 611, [22 Pac. 327]; *Merkeley* v. *Fisk,* 179 Cal. 748, [178 Pac. 945]; *Hill* v. *McCoy,* 1 Cal. App. 159, [81 Pac. 1015].)

The instrument attached to the pleading now under consideration reads as follows:

"Los Angeles, Cal.   February 17, 1916.

"In consideration of the promise of Geo. Grossman to pay $50.00 in settlement of claim for damages, I hereby agree to give a release of all claims in his favor.

"(Sig.)   CARRIE SILVER.

"J. A. SILVER.

"IVAN KELSO,

"Attorney for Mr. Grossman."

It is contended that any defect in the answer by reason of the failure to allege that the promise of payment was the consideration for the release is cured by the recitals of the agreement. It will be noted that, by its terms, plaintiff, in consideration of a promise of payment, *agrees to give a release.* It does not appear from the face of the instrument whether the claim was actually released in consideration of the promise *per se,* or whether the agreement was preliminary in nature, that is to say, a promise to give a release in the future in consideration of the promise of payment, the release not to be given, however, until payment of the money. In this respect, which is vital under the circumstances of the case, the instrument is defective and ambiguous as a matter of pleading, for it does not contain a recital, in sufficiently definite language, of an acceptance of a promise of payment in satisfaction of plaintiff's claim against defendant. Accordingly defendant has, in compliance with the rule above stated, eliminated the ambiguity of the instrument by putting a definite construction upon it by averment in the pleading and, by way of interpretation, has alleged that it was agreed that the payment of the sum of fifty dollars (not the promise to pay), was to be accepted as the consideration for the release. The allegations thus construing the instrument cannot be disregarded as surplusage, as may be done where the instrument is unambiguous and the construction is an erroneous one. (*Stoddard* v. *Treadwell,* 26 Cal. 294, 303.)   **[9]**   On the contrary inasmuch as the instrument is ambiguous and the construc-

tion put upon it by the averments of the answer is one of which the instrument is readily susceptible, the pleader is bound by the interpretation adopted by him and set forth in his answer. "Presumptions are always against the pleader, and all doubts are to be resolved against him, for it is to be presumed that he has stated his case as favorably as possible to himself." (*Joseph* v. *Holt,* 37 Cal. 250.) Taken as a whole, therefore, the answer alleges nothing more than an unexecuted accord.

It follows that the defect in the pleading now under consideration is not a mere matter of variance between the averments of an answer which states facts sufficient to constitute a defense and the terms of a written agreement attached thereto. Such a defect is merely one of uncertainty or ambiguity and can be reached only by a special demurrer (*Blasingame* v. *Home Ins. Co.,* 75 Cal. 633, [17 Pac. 925]). Here, however, the third defense of the answer is lacking in a necessary averment and is, therefore, subject to general demurrer. Inasmuch as it appears from the record that the judgment in favor of defendant is made and based entirely upon findings in support of said third defense, the error in overruling the demurrer was obviously prejudicial to plaintiff. (*Brittan* v. *Oakland Bank of Savings,* 112 Cal. 1, [44 Pac. 339].)

But one point remains to be considered, namely, the question of the conclusiveness upon appeal of the findings of the trial court. The trial court found, in effect, that there was an executed accord in that defendant's promise to pay was accepted in satisfaction of the claim sued upon. It is, therefore, not claimed that the finding is repugnant to the judgment in favor of defendant, but that the finding and judgment are not supported by the pleadings. Ordinarily findings outside of the issues will be disregarded. (*Hall* v. *Arnott,* 80 Cal. 348, [22 Pac. 200].) Where, however, it appears from the record that the case was tried upon the theory that the pleadings were sufficient to raise certain issues and no objection was made in the court below to the introduction of evidence upon these issues, the point cannot be raised for the first time upon appeal that the findings are not within the issues raised by the pleadings. (*Moore* v. *Campbell,* 72 Cal. 251, [13 Pac. 689]; *Carpy* v. *Dowdell,* 115 Cal. 677, 687, [47 Pac. 695].) And, where the appeal

is upon the judgment-roll alone, so that the record fails to disclose whether or not, at the trial, objections were interposed to evidence as not within the issues, it has been held that it will be presumed in support of the findings and judgment that the pleadings were treated as sufficient to raise the issues upon which the findings were made and that evidence in support of such issues was introduced and went in without objection (*Illinois Trust & S. Bank* v. *Pacific Ry. Co.*, 115 Cal. 285, 296, [47 Pac. 60] ; *McDougald* v. *Hulet*, 132 Cal. 154, 159, [64 Pac. 278] ; *Beardsley* v. *Clem*, 137 Cal. 328, 332, [70 Pac. 175] ) ; although the rule may be different where such a presumption would result in the reversal of the judgment. (*Rudel* v. *Los Angeles Co.*, 118 Cal. 281, [50 Pac. 400].) **[10]** This rule, however, is based upon the theory of waiver, or estoppel, and can have no operation where it appears from the record that objection to the sufficiency of a pleading to raise a particular issue was seasonably urged in the court below, either at the trial upon the introduction of evidence, or by demurrer, as in the case at bar. **[11]** When the sufficiency of a pleading has been questioned by demurrer, the pleading must, upon appeal on the judgment-roll, be judged by itself alone and the doctrine of aider by findings or verdict does not apply. (*Pittsburg etc. Ry. Co.* v. *Moore*, 152 Ind. 345, [44 L. R. A. 638, 53 N. E. 290] ; 31 Cyc. 765.)

It follows that it must be held that the judgment is not supported by the pleadings.

The judgment is reversed, with instructions to the court below to sustain the demurrer to the third defense of defendant's answer with leave to the defendant to amend if he be so advised.

Shaw, J., Angellotti, C. J., Lawlor, J., Sloane, J., and Wilbur, J., concurred.

OLNEY, J., Concurring.—I concur in ordering a reversal of the judgment but do not concur in directing further proceedings in the trial court. I believe judgment should be entered for the plaintiff upon the findings. Every fact necessary for that purpose is found, and the only reason for not doing so that is or can be given is the finding of the trial court upon the point of accord and satisfaction. Even if

further proceedings were necessary for a determination of this point, the further proceedings should certainly be confined to a determination of this issue alone. But in truth there is no occasion for retrying even this issue. The main opinion says that the finding as to accord and satisfaction was in effect that there was an *executed* accord in that the defendant's promise to pay was accepted in satisfaction of the claim sued on. I do not think this construction should be put upon the finding. It reads: "That prior to the beginning of this action, to wit, on the 17th day of February, 1916, *as set out in defendant's amended answer under the title 'Third and Separate Defense,'* the defendant gave to plaintiff his promise in writing to pay the sum of fifty dollars in full settlement of all claims for damages plaintiff held against the defendant by reason of that certain accident sued upon and set out in plaintiff's complaint herein, and that said plaintiff then and there accepted said promise in writing in full settlement and satisfaction thereof."

This finding must be construed in connection with, and in the light of, the third and separate defense, to which it refers and whose issues the finding was designed to meet. It seems to me plain enough that all that was intended by the finding was to find an accord and satisfaction "as set out in defendant's amended answer under the title 'Third and Separate Defense.'" It should be borne in mind that the court had previously overruled a demurrer to this portion of the answer holding that it stated a good defense. I do not think it occurred to counsel or to the court that there was any difference whatever between the facts found and those pleaded. The facts pleaded, as the main opinion shows, were wholly insufficient to constitute an accord and satisfaction. They, in fact, showed affirmatively that there was none. Furthermore, I think it plain enough that the defendant cannot amend his answer so as truthfully to allege an accord and satisfaction, and that he could not prove his answer if he did amend. The supposed accord and satisfaction were carried into a writing which constitutes the final memorial of the transaction. That writing is pleaded and is set out in the main opinion and by its terms it not only does not show that the plaintiff gave a release in reliance upon the defendant's promise or accepted the defendant's promise to pay fifty dollars, as distinguished from the

actual payment of the fifty dollars, as a final settlement, but does show just the contrary. It declares in so many words that the plaintiff agrees to, that is, will, give a release in consideration of the defendant's promise to pay fifty dollars, that is when he pays the fifty dollars. The release and the payment were plainly to be concurrent, and there was to be no release unless the money were paid. If there were to be a release, that is, a final settlement by the plaintiff, then and there, in consideration of the plaintiff's promise alone, there was no sense in making the writing in the form in which it was made. The plaintiff would have made a release at the time instead of an agreement merely to make one. Summing the matter up, the only reasonable interpretation of the writing is that the matter was not to be closed out between the parties and the plaintiff's claim settled until the sum agreed upon was actually paid; such an agreement is an accord but not a satisfaction; and finally it is not open to the defendant to show any different arrangement because to do so would be to vary the terms of the writing which is the final memorial of the arrangement and is alone competent evidence of what the arrangement was. This being the case, there is no reason for permitting the defendant further to litigate the point, and judgment should be directed against him.