[Civ. No. 13562.   Second Dist., Div. One.   July 2, 1942.]

SAM  ESTRIN,  Respondent,  v.  DAVID  FROMSKY, Appellant.

Abe Richman and Edward K. Brody for Appellant.

Alfred R. Meyers for Respondent.

DORAN, J.—Appellant, by means of a bill of exceptions, takes this appeal from a judgment in favor of the plaintiff in an action for an accounting of the proceeds of a business venture, and from an order denying a motion to strike certain items from the plaintiff's memorandum of costs and disbursements.

The complaint herein was one for dissolution of a partnership and for an accounting of the proceeds. Before trial of the action an additional cause of action for money had and received was added by amendment. After hearing the cause, the trial court, by an interlocutory judgment, decreed that the plaintiff and the defendants were not partners and that appellant was the sole owner of the business in question, a market enterprise conducted in the name of appellant and the D. Fromsky Markets, and that the plaintiff (respondent here) was entitled to an accounting of the books of said enterprise and was entitled to judgment for such sums as might be found to be credited to his account after the accounting of the books had been completed. The court thereafter, and on January 15, 1941, ordered a firm of certified public accountants to audit the books in the action. Included in the same minute order was the statement: "The plaintiff is ordered to pay for

said audit.'' On April 30, 1941, the following minute order was entered: ''Minute order of January 15, 1941, is ordered amended *nunc pro tunc* to further read as follows: Costs of audit by Arthur Andersen & Company to be assessable as an item of costs in this action.'' After the accounting and a further hearing of the matter, the trial court found, in part, that respondent was entitled to an accounting from appellant and that the audit of the books in question indicated and reflected a credit to the account of respondent in the sum of $6,000, and ordered judgment accordingly, together with interest, costs and disbursements. The cost of the audit· was allowed respondent by the court.

Appellant bases his contention, as to the impropriety of allowing respondent the cost of the audit, upon the sole ground that the minute order of April 30, 1941, by the terms of which it was attempted to amend *nunc pro tunc* the previous minute order, was void. The contention is not material. It should be pointed out that the minute orders in question were in no sense final orders and the court, in subsequently taxing costs, was not bound thereby. (See 15 Cal. Jur. 112, § 177, as to the effect of such orders. Also see *McAllen* v. *Souza,* 24 Cal. App. (2d) 247, 250 [74 P. (2d) 853]; *Hughes* v. *DeMund,* 96 Cal. App. 365 [274 Pac. 405], and cases cited.)

Moreover, there is no question but that the trial court could change or amend the minute order first entered, upon a proper motion in the course of proceedings. Whether the amendment was properly made in the instant case need not be decided, as already pointed out. Expense of services of an expert accountant, necessary for the proper presentation and determination of the case, who is appointed by and acting under the direction of the court, is properly charged as an item of costs. (*Faulkner* v. *Hendy,* 79 Cal. 265 [21 Pac. 754]; *In re Peterson,* 253 U. S. 300 [40 S. Ct. 543, 64 L. Ed. 919].) In the Peterson case, *supra,* an order requiring either or both parties to pay the cost of appointing an auditor was said to be erroneous, since the prevailing party would be entitled to such costs, the court there indicating that the expense of the auditor should abide the result of the action. Costs in an action in equity are matters within the discretion of the court. (*Smalley* v. *Geo. C. Peckham Co.,* 175 Cal. 146, 148 [165 Pac. 438]. See, also, 7 Cal. Jur. 280, § 21; 20 C. J. S. 274, 275, § 10 (b); *idem* 284, § 13.) The item of expense for the audit was properly charged as a cost of suit herein.

■ Appellant also contends that since the determination of the amount due respondent was based in part upon the deduction of an estimated sales tax liability of $3,000, and it has been officially determined by the State Board of Equalization since the trial of the action herein that the liability was actually $9,999.98, the judgment should be reduced accordingly; and appellant requests this court to take additional evidence upon the question, under the power given appellate courts by section 956a of the Code of Civil Procedure. In this connection, the record indicates that it was not possible to obtain an accurate determination of the sales tax liability at the time of the audit because appellant had not kept a proper set of books. The failure of the auditors to make an exact determination of the liability for sales tax appears therefore to have been the fault of appellant. The interests of justice would not be served in reopening the matter at this time, even if, under other circumstances, such a procedure could be held a proper one under section 956a of the Code of Civil Procedure.

■ Appellant's contention, that in no event could a judgment for $6,000 be properly rendered, is without merit. The contention is founded upon the claim that the judgment was based solely on the count for money had and received, which cause of action was for but $5,851.65. The findings of the court and the judgment based thereon reveal that the basis therefor was the amount shown to be due upon the audit of appellant's books; and a judgment for such sum as was shown to be due upon an accounting was properly rendered, the action being one for an accounting.

Appellant has raised no other points. The judgment and the order are affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 27, 1942.