[Civ. No. 28358. Second Dist., Div. Four. Jan. 21, 1966.]

ANTHONY ARIANA, as Administrator With the Will Annexed, etc., et al., Plaintiffs and Appellants, v. WILLARD PARKER et al., Defendants and Respondents.

Michael F. Dillon for Plaintiffs and Appellants.

Frank J. Kanne, Jr., for Defendants and Respondents.

KINGSLEY, J.—This is an action for dissolution and an accounting of a limited partnership. Plaintiffs filed a partial appeal from the judgment in their favor entered in the court below on June 5, 1963, contending that the trial court did not give them full relief.

Parker Engineering Company, a limited partnership, was formed on September 28, 1943. Dr. Ariana, the limited partner, owned a 20 percent interest; defendant Willard Parker, a general partner, owned a 55 percent interest; Julian Parker, Willard Parker's brother, was also a general partner and owned a 25 percent interest. Parker Engineering Company was a business concerned with the application of bituminous products, commonly known as coal tar enamels, to tanks and pipe lines for the purpose of preventing corrosion. The limited partnership agreement did not require the defendants to give their full time to partnership business.

On September 22, 1945, Dr. Ariana made a record assignment to his parents, Salvatore and Camela Ariano, but he retained the beneficial interest.

In July 1952, the general partner, Willard and Julian Parker, along with others, formed Parker Brothers, Inc., a corporation, which was concerned with applying plastic synthetic coatings (vinyl products) to pipes and tanks for the purpose of preventing corrosion. The plaintiffs were not informed of the existence of the new corporation. At some time after the formation of the corporation, partnership business fell off.

Parker Brothers, Inc., extensively used partnership buildings and facilities, and the corporation paid rental to the partnership for a period of 10 years. Partnership credit was used by Parker Brothers, Inc., to obtain a bank loan. The defendants also made use of partnership cash and good will in carrying on corporate business.

On July 1, 1960, Dr. Ariana commenced an action for dissolution and accounting of the limited partnership, Parker Brothers Engineering Company, claiming that these two businesses were, in fact, the same business, and that the corporation was wrongfully diverting business away from the partnership. The defendants Willard Parker and Julian Parker, individually and as copartners under the name of

Parker Engineering Company, Parker Brothers, Inc., Perma Parker and Verna Barret,[1] answered the complaint on July 22, 1960. On June 27, 1961, plaintiffs filed an amended complaint adding a second and third cause of action. No evidence was introduced in support of these additional causes of action, so plaintiffs were nonsuited as to them. On June 27, 1961, plaintiffs also filed a brief amendment to their amended complaint and made allegations concerning plaintiffs' discovery of the existence of Parker Brothers, Inc.

A pretrial conference was held on March 27, 1962, during which the parties set forth the issues. The issues involved whether or not the defendants perpetrated a fraud on plaintiffs, whether or not there should be punitive damages, the dissolution of the partnership, whether defendant Parker Brothers, Inc., is an asset of Parker Engineering Company, laches, the statute of limitations, and which party should bear costs.

The trial court, after an extensive discussion with counsel, ordered a reference as to certain issues in the case but, insofar as plaintiffs contended that defendants had charged to and collected from the partnership excessive expenses, it limited the reference to a period of four years prior to the commencement of the action. The findings, as ultimately made, were in favor of plaintiffs on the issues of laches and the defense of the statute of limitations contained in subdivision 4 of section 338 of the Code of Civil Procedure. The court also declared that Willard Parker, Julian Parker and Perma Parker acquired and held their 2,275 shares of stock in the corporation for the benefit of the partnership (Parker Engineering Company), and that this stock was an asset of the partnership. Except as to two minor matters, it found that the charges made by defendants, whether against the corporation or the partnership, were proper. The court held that there was no fraud "in the popular sense" and no concealment by the general partners but merely a misconception of their obligations toward the partnership; thus, there was a finding against punitive damages. Also, the sale of stock to Verna Barret was found not to be fraudulent, because Mrs. Barret paid for the stock with funds received from the sale of her house. Finally, each party was to bear his own costs.

---

[1]Designated in the complaint as "Barrett."

On June 22, 1962, the court made an interlocutory order dissolving the partnership, appointing a receiver and ordering him to sell the assets of Parker Engineering Company, including those shares in the name of Willard, Julian, and Perma Parker.[2] The referee examined expenses and payments, and found the money paid to Mrs. Barret for the year ending June 30, 1958, was excessive in the sum of $3,484, and that the rental paid by the corporation to the partnership for the use of partnership buildings was short by $3,540 for a 10-year period, but that none of the compensation paid by Parker Brothers, Inc., to the defendants as salaries, and none of the expenses paid out by these same defendants, constituted an abuse of discretion.

Plaintiffs, as we have said, appealed from only parts of the judgment as entered. The notice of appeal recites that it is from the whole of the judgment, except certain paragraphs and subparagraphs expressly set forth. The effect of the notice is to bring before us the following matters only:

(1) The decision that the stock in Parker Brothers, Inc., in the name of Verna Barret is held by her as a holder in due course and, therefore, was not a partnership asset;

(2) The decision approving the accounts of the partnership (but not appealing from the part of that approval which surcharged Mrs. Barret);

(3) The decision that plaintiffs held 20 percent and defendants 80 percent of the partnership assets.

We can find in the briefs no argument as to the proportionate division of assets and deem that point abandoned. Although the briefs are replete with discussions of whether or not defendants were guilty of fraud, no contention is made that the denial of punitive damages was in error and, at oral argument, counsel for plaintiffs expressly disclaimed any intention to raise that matter on this appeal. Restated, thus, the issues presented to us are (1) the refusal of the court to surcharge defendants with a greater sum than the referee had ordered; (2) the refusal to treat Mrs. Barret's stock as a partnership asset; and (3) the limitation of the accounting of the partnership affairs, insofar as defendants'

---

[2]Plaintiffs also noticed an appeal from the order confirming the receiver's sale. By a nonpublished opinion filed herein on August 4, 1964, we denied respondents' motion to dismiss that appeal. However, both in their closing brief and in oral argument, plaintiffs have expressly abandoned that appeal and it is, therefore, dismissed.

expense accounts are concerned, to a period of four years prior to the filing of the complaint herein.

## I

Defendants claim that plaintiffs have waived their right of appeal by accepting the benefits of the judgment below. One asset of the partnership was certain real property on Slauson Avenue in Los Angeles. Dr. Ariana purchased this property at the receiver's sale, using in that purchase a credit from his 20 percent interest in the partnership—an interest whose value, of course, was partly determined by the fact that defendant's stock in Parker Brothers, Inc., was declared to be a partnership asset and by reason of the surcharges in favor of the partnership hereinabove mentioned. ▮ However, it is a settled rule that a party may accept a portion of the judgment to which he is admittedly entitled without thereby jeopardizing his right, on appeal, to seek a greater recovery. (*Stein* v. *Simpson* (1951) 37 Cal.2d 79, 87-88 [230 P.2d 816]; *Estate of Hubbell* (1932) 216 Cal. 574, 577 [15 P.2d 503].) Defendants argue that this rule applies only where the portion accepted was admitted by the judgment debtor to be due. We do not so construe the cases. ▮ Once judgment is entered in the trial court, and the judgment debtor has made no effort to attack it, the relief therein granted is, thereafter, "admittedly" due the judgment creditor and, unless for some reason a reversal would involve a retrial of the whole judgment item, the creditor may take what he has already been given and still seek, on appeal, a more generous recovery. Here, the matters of which plaintiffs complain on appeal are items of accounting separate and independent of the matters covered by the judgment; a reversal would not require any re-examination of the items of account already determined in plaintiffs' favor.

## II

▮ Plaintiffs argue that, although the trial court found in their favor on the issue of laches and on the only statute of limitations expressly pleaded in the answer or in the pre-trial order (Code Civ. Proc., § 338, subd. 4), the court nevertheless, in effect, applied, of its own motion, the four-year statute on actions on accounts as set forth in section 337 of the Code of Civil Procedure.[3]

---

[3]Finding No. 14: "The partnership, Parker Engineering Company, should be dissolved. Periodical accounts of the partnership were given

It should be noted that, although the briefs speak of the action as one for "an accounting," no issue was ever made as to any items of income or expenditure, whether of the partnership or of the corporation, except as to salaries and personal expense accounts of the defendants charged to the corporation, and the personal expense accounts of the defendants charged to the partnership. As to the corporate charges, the reference directed an inquiry for the full period of the corporate existence. Thus, it is only as to the personal expense accounts of the defendants charged to the partnership that any problem of the statute of limitations arises.

Neither the pleadings nor the pretrial statement raise an issue as to these expenses. However, when the reference was ordered, it did direct inquiry into this kind of charge for the four-year period only. Since it is settled law that a statute of limitations must be expressly pleaded or else it will be deemed waived (2 Witkin, Cal. Procedure (1954) Pleading, §§ 545-547, pp. 1541-1544, and cases therein cited), it would follow that, if plaintiffs were entitled to have any accounting of these items of expense they were entitled to one thereon for the full period of the partnership operations.

However, the reference, as we have said, was not a general reference of the entire cause but merely a reference to take testimony as to certain specific issues and to render a report and findings on the specific issues thus referred. The limitation of the reference in no way prevented plaintiffs from raising, before the trial court itself, any other issues not made the subject of the reference. Nowhere in plaintiffs' briefs on this appeal can we find any reference to any offer by them, in the trial court, to show that any item of expense, credited to defendants during the period prior to July 1, 1956, was in any way improper or excessive. Under these circumstances, plaintiffs cannot now, on appeal, raise a contention not clearly made in the trial court.

▆ Further, the claims made in the briefs as to pre-1956 charges raise only the same contentions that certain types of expenses were beyond the reasonable limits of the discretion vested in the Parkers as general partners. Plaintiffs suggest no reason why the finding, adverse to them, made as to the propriety, as a matter of business policy and discretion, of

to the plaintiffs yearly and their right to an accounting is limited to going back to July 1st, 1956 four years before the commencement of the action."

the post-1956 charges would not have been made as to the same kind of charge, subjected to the same kind of objection, had the pre-1956 expenses been examined in detail.

Under these circumstances, we can see no prejudice in the action of the trial court nor any reason to require a futile retrial for the purpose of an examination not properly demanded below.

### III

 Plaintiffs' chief contention is that defendants had fraudulently diverted business from the partnership to the corporation, to the loss of the former. Much of the trial was devoted to the question of whether or not the two organizations were engaged in the same, or in different, businesses. While the trial court refused to find on this issue, it did find that Parker brothers held the corporate stock as an asset of the partnership, and required them to turn it over to the partnership as a partnership asset. The court also found that the conduct of defendants, in setting up the separate corporation, although a breach of their fiduciary duty, was an act done as a result of an honest misunderstanding of the nature of their obligation to the partnership. Although plaintiffs point to evidence to the contrary, there is no doubt that the findings were supported by substantial evidence, believed and accepted by the trial court. We have no power to substitute our view of the evidence for that of the trial court.

 It must be remembered that where, as here, a diversion of trust funds has resulted in a profit to the diverter, the most that the beneficiary may demand is that the fiduciary account to him for such profits. The effect of the judgment herein, turning over to the partnership the corporate stock with its increase in value (after surcharging two minor items) gave to plaintiffs exactly what they were entitled to receive.

 Insofar as the admission to the corporate venture of Mrs. Barret and other persons, the partnership agreement permitted such additions to the business group.[4] On evidence sufficient to support its finding, the trial court found that Mrs. Barret's stock was purchased with her own funds, as an

---

[4]Under Article XI of the Certificate of Limited Partnership, the Parkers could have admitted Mrs. Barret to the partnership itself, so long as the interest of plaintiffs were not affected. The raising of additional capital by sale of stock in the subsidiary corporation was a lesser invasion than that expressly permitted.

additional investor, and that any other persons involved in the corporate enterprise were legitimately made a part of the operation. As with other findings so supported, we cannot reexamine the evidence.

█ Finally, general partners are vested with a wide discretion to determine the propriety of expenses and, by express terms of the partnership agreement, defendant Willard Parker had the right to establish the compensation to be paid to employees and to the general partners for their services.[5] Since the trial court ordered and received an accounting for both the partnership and the corporation, it is immaterial that some expenses and salaries were, for bookkeeping purposes, entered on the books of one entity rather than on the books of the other. The net result was the same no matter how the internal records were kept.

In short, plaintiffs received a full and fair hearing in the court below, resulting in findings adequately supported by the evidence; they have received by the judgment all that they could or would have received had defendants' error with respect to the establishment of the corporation not occurred; they are entitled to no more.

## IV

Plaintiffs object to the order that each party bear his own costs. The proceeding was in equity for dissolution of the partnership and the incidental accountings. Under similar circumstances, it was held, in *Estrin* v. *Fromsky* (1942) 53 Cal.App.2d 253, 255 [127 P.2d 603], that "Costs in an action in equity are matters within the discretion of the court."

The appeal from the order confirming sale is dismissed; the portions of the judgment appealed from are affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied February 9, 1966, and appellants' petition for a hearing by the Supreme Court was denied March 16, 1966.

---

[5]The final paragraph of Article XV of the Certificate of Limited Partnership reads as follows: "It is hereby understood and agreed that WILLARD PARKER, general partner, shall be the general manager of this limited partnership and shall have the exclusive right to determine the policies of the partnership business, the right to hire and dismiss employees, and in the event of any disagreement whatsoever between the general partners hereto, the decision of WILLARD PARKER, general partner, shall be final; the general partner, WILLARD PARKER, shall have the exclusive right to fixing and establishing [*sic*] the compensation, wages and all salaries to be paid all employees, including the general partners in this limited partnership."