Filed 12/21/15  Rodriguez v. Piercy CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| SANTIAGO RODRIGUEZ, | B257941 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GS015518) |
| v. | |
| DAVID PIERCY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mary Thornton House, Judge.  Affirmed.

David N. Piercy, In Pro. Per., for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

## INTRODUCTION

David Piercy filed a Code of Civil Procedure Section 425.16[1] motion to strike Santiago Rodriguez's petition for a restraining order. The trial court granted the restraining order but failed to rule on Piercy's motion. We conclude that any error in failing to rule on the section 425.16 motion was harmless because the court's grant of the restraining order demonstrates that Piercy's motion would have been denied. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Piercy and Rodriguez vehemently disagree concerning the events surrounding the Trayvon Martin case in Florida. Starting as early as September 2013, Piercy and Rodriguez used social media to argue about the trial, and to personally attack each other. On May 2, 2014, Piercy filed a petition for a civil harassment restraining order against Rodriguez in the Fresno County Superior Court. The court granted a temporary restraining order against Rodriguez on May 5, 2014, but on June 2, 2014, denied Piercy's request for a permanent restraining order.

On June 13, 2014, Rodriguez filed a petition for a restraining order against Piercy pursuant to section 527.6 in the Los Angeles County Superior Court. In the petition, Rodriguez accused Piercy of stalking and harassing him and his wife and posting their personal information online. Rodriguez also stated that Piercy had threatened him with violence. In his reply declaration, Rodriguez elaborated on the alleged harassment, stating that Piercy had assaulted him and his wife, stolen his identity, threatened him with jail time, and suggested he was tracking Rodriguez's location with an online program. Rodriguez stated that he and his wife felt intimidated by Piercy's actions and were fearful that if the court did not issue a restraining order Piercy would increase the level of harassment.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

The court scheduled a hearing for July 3, 2014, that was later continued until July 24, 2014. On July 21, 2014, Piercy filed a section 425.16 special motion to strike the petition for a civil harassment restraining order. In compliance with section 425.16, the court scheduled a hearing on the motion for August 14, 2014. On July 24, 2014, the trial court heard testimony regarding the requested restraining order from Rodriguez and his wife. Afterwards, without having ruled on the section 425.16 motion, the trial court granted Rodriguez's request for a permanent restraining order. Piercy appeals.

## DISCUSSION

### Sufficiency of the Evidence

Piercy contends that the evidence is insufficient to support the restraining order. In assessing whether substantial evidence supports the trial court's decision, we will analyze whether "there is any substantial evidence, contradicted or uncontradicted, which supports the finding." (*Kimble v. Board of Education* (1987) 192 Cal.App.3d 1423, 1427.) An appellate court is "without power to judge the effect or value of the evidence, weigh the evidence, consider the credibility of witnesses, or resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom." (*Ibid*.)

The trial court must take relevant testimony to determine whether there has been unlawful harassment. (*Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 733 (*Schraer*).) However, the court is not required to make a statement of its specific findings of fact, or describe how the facts presented satisfy the statutory elements of harassment. (*Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1112 (*Ensworth*).) Live testimony is not required in support of the petition; the court may decide the matter on declarations. (*Id.* at pp. 1110-1111.) Although the trial court did take testimony, there is no transcript in the record. Therefore, in considering the

sufficiency of the evidence for the restraining order, we base our analysis solely on the declarations.[2]

Section 527.6 defines harassment as "a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose." (§ 527.6 subd. (b).) Furthermore, "[t]he course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the plaintiff." (*Ibid.*) Under section 527.6, the trial court must find unlawful harassment exists by clear and convincing evidence. (*Schraer, supra,* 207 Cal.App.3d at p. 733.)

Rodriguez describes frequent unwanted phone calls, threats of violence, and exposure of his, and his wife's personal information in his declaration. Rodriguez believes that Piercy is tracking his location with an online program. Rodriguez admits that he and his family are intimidated, and fearful of Piercy, and are worried that if the court denies the restraining order it may "embolden Piercy," and "increase the degree of harassment" they have to endure.

The evidence in Rodriguez's declaration demonstrates that Piercy committed intentional acts that caused substantial emotional distress to Rodriguez and his wife. Rodriguez was intimidated and fearful of further harassment. Furthermore, Piercy's conduct appears to serve no legitimate purpose but rather seems calculated to cause emotional distress. The restraining order is supported by substantial evidence.

**Failure to Rule on the Section 425.16 Motion Is Harmless Error.**

Piercy also claims the trial court erred when it ruled on the merits of his petition without ruling on his section 425.16 motion.

"Section § 425.16, 'commonly referred to as the anti-SLAPP statute'[] [citation] is intended 'to provide for the early dismissal of unmeritorious claims filed to interfere with

---

[2]    While ordinarily the failure to provide a record of the oral proceedings would preclude review for the sufficiency of the evidence (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 987), because the record before us includes the declarations, we are able to reach the merits.

the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' [Citation.] The section authorizes the filing of a special motion that requires a court to strike claims brought 'against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' (§425.16, subd. (b)(1).)

"Section 425.16 '"requires that a court engage in a two-step process when determining whether a defendant's anti-SLAPP motion should be granted."' [Citation.] '"First the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. [Citation.] 'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause [of action] fits one of the categories spelled out in section 425.16, subdivision (e)' [citation]." [Citation.] . . . [¶] If the defendant makes this showing, the court proceeds to the second step of the anti-SLAPP analysis. [Citation.] In the second step, the court decides whether the plaintiff has demonstrated a reasonable probability of prevailing at trial on the merits of its challenged causes of action. [Citations].'" (*Hunter v. CBS Broadcasting, Inc*. (2013) 221 Cal.App.4th 1510, 1519 (*Hunter*).)

Section 425.16 requires an early determination, to prevent meritless litigation from imposing avoidable burdens on the parties. To this end, when a motion is filed all discovery proceedings in the action are automatically stayed until there is a ruling on the motion. (§ 425.16, subd. (g)), and the hearing on the motion is to be scheduled not later than 30 days after the motion is served, unless the court's docket requires a delayed setting. (*Id*. at subd. (f).)

Section 425.16 applies to a petition for a civil harassment restraining order under section 527.6. (*Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 646-648 (*Thomas)* [civil harassment actions are "clearly and unambiguously" within the scope of the statute; there is no reason for the pendency of the motion to interfere with the statutory scheme for civil harassment petitions].)

5

In *Thomas, supra,* 126 Cal.App.4th 635, the trial court was not faced with the question of ruling on the petition before hearing the section 425.16 motion; as the court noted, the motion was heard first. Here, however, the trial court granted the protective order, and then failed to rule on Piercy's motion. While *Thomas* can be read to suggest that might not constitute error, we need not reach that issue here. Even if the trial court should have managed the order of proceedings in the case to ensure that the 425.16 motion was heard first, such an error would be reversible "only if the party appealing demonstrates a 'miscarriage of justice'—that is, that a different result would have been probable if the error had not occurred." (*Zhou v. Unisource Worldwide, Inc.* (2007) 157 Cal.App.4th 1471, 1480.)

Although the court did not consider Piercy's motion, by granting the restraining order the court determined that Rodriguez had demonstrated more than the mere probability of prevailing on the merits of his claim; the court's ruling establishes that Rodriquez would have met his burden under the second prong of the analysis. (See *Hunter, supra,* 221 Cal.App.4th at p. 1519; see also *Thomas, supra*, 126 Cal.App.4th at p. 663.) Because the outcome of this case would not have been different had the court considered the motion, the trial court's error was harmless.

**Remaining Arguments**

Finally, Piercy claims that he repeatedly advised the trial court that the restraining order was filed in an improper venue, but he does not identify any support for this contention in the record. A party must file a timely motion requesting a change of venue or he waives his right to appeal that issue. (§ 396b; *Smalley v. George C. Peckham Co.* (1917) 175 Cal. 146, 148.) On appeal, Piercy has not directed us to a motion for change of venue in the record. Piercy has waived his right to appeal on the grounds of improper venue.

6

**DISPOSITION**

The order is affirmed.[3]


ZELON, J.

We concur:


PERLUSS, P. J.


BECKLOFF, J.[*]

---

**3**    Because there was no appearance by Respondent, Respondent incurred no costs on appeal.

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.